## MARTIN *v.* SCOTT.

A regular term of a superior court can not lawfully be adjourned by the judge in vacation, by an order which fails to show that the adjournment is rendered necessary by the sickness of himself or his family, or other unavoidable cause. Hence a default judgment rendered at a court held in accordance with such a void order of adjournment is a mere nullity.

Submitted May 5, — Decided June 1, 1903.

Complaint.    Before Judge Russell.    Towns superior court.    October 9, 1902.

*Jones & Martin* and *R. J. & J. McCamy,* for plaintiff in error.

FISH, J.    Henry F. Scott brought an action to the March term, 1902, of Towns superior court, against W. C. Martin & Co.    W. C. Martin alone was served, the service being made by the sheriff of Whitfield county.    He filed a demurrer and plea to the jurisdiction of the court.    At the appearance term the plaintiff moved to strike both the demurrer and plea, which motion was sustained by the court, and the demurrer and plea were stricken.    To this ruling the defendant, Martin, filed exceptions pendente lite.    The regular September term, 1902, of the court was not held, the judge of the circuit having passed the following order, in vacation, at his home in Gainesville:    "Chambers, Gainesville, Ga., Sept. 20th, 1902.    It is hereby ordered that the term of Towns superior court, which should commence on the third Monday instant, be and the

same is hereby adjourned or postponed until October 9th. All officers, jurors, parties, and witnesses will take notice thereof and govern themselves accordingly. The clerk of the superior court of Towns county will enter the foregoing order on the minutes of said court. J. B. Estes, J. S. C." On the 9th of October, 1902, Judge R. B. Russell convened Towns superior court under this order. When the case under consideration was reached in its order, the defendant having filed no answer, counsel for the plaintiff moved the court to direct a verdict for the plaintiff, which motion was sustained, and a verdict for the plaintiff directed and returned, and judgment entered accordingly. Martin objected to this ruling of the court directing a verdict in favor of the plaintiff, and sued out a writ of error to this court. There are two assignments of error in the bill of exceptions, the first assigning error upon the action of the court in striking the demurrer and plea. The second assignment is, that " the term of court held by the said Hon. R. B. Russell was without authority of law, and . . no legal judgment could be rendered at said court." As we think this second assignment is well taken, it is unnecessary to consider the first one ; for, as the term of court at which the verdict in favor of the plaintiff was directed and the judgment thereon entered up was, as to this case at least, a mere nullity, the exceptions pendente lite are still pending in the court below, awaiting a final judgment in the case there.

The Civil Code, § 4343, provides:  " When the clerk of the superior court is informed by the presiding judge that it is not possible for him to attend the regular term of said court, from sickness of himself or his family, or other unavoidable cause, which shall be expressed in the order of adjournment, the clerk shall adjourn such court to such time as the judge may direct, and shall advertise the same at the court-house of the county in which said court is to be held, and one or more times in a public gazette." Section 4344 declares:  " No superior court shall be adjourned by the judge in vacation, except for the causes above stated ; but the judge may in term time adjourn such court to such time as he may think fit." It will be seen that a regular term of a superior court can not be lawfully adjourned by the judge in vacation, except for sickness of himself or his family, or other unavoidable cause, and that the cause for the adjournment must be expressed in the order of adjourn-

ment. The order of adjournment involved in the present case was a nullity, because no cause for the adjournment is expressed therein. Our learned brother Estes probably had a good and sufficient reason for adjourning the regular term of the court, and, by mere inadvertence, failed to express it in the order of adjournment; but as the statute imperatively and, as we think, wisely requires the cause for the adjournment to be expressed in the order, an order of adjournment passed by a judge in vacation, which fails to show on its face a sufficient cause for adjournment, is void.     One purpose of the statute is to prevent a judge from adjourning, in vacation, a regular term of a superior court for any cause other than one of those which it specifies, and this purpose could be easily defeated if the judge were not required to express in the order the cause for the adjournment.     In *Hoye* v. *State*, 39 *Ga.* 718, Chief Justice Brown, in discussing these provisions of the code and the legislative purpose in passing the statute, said:     "The practice which had grown up in some circuits of adjourning the regular terms of the courts, at the mere convenience or caprice of the judge, to the great detriment of parties and inconvenience of jurors and witnesses, was a great evil and demanded the emphatic mandate of the legislature which is now found in the code."     In that case the plaintiff in error had been convicted of voluntary manslaughter in Bibb superior court.     "The regular term of the court was to begin on the third Monday in May.     In vacation the judge ordered it adjourned till the fourth Monday in May, stating in his order, as reasons for the adjournment, that several members of the bar could not attend on the third Monday, and that he had been appointed to attend the Commercial Convention in Memphis, which was to be held during the week beginning with said Monday." After the conviction of the accused he made a motion in arrest of judgment, "upon the ground that the court was sitting illegally at the time of the conviction," which motion was overruled.     This court reversed this judgment of the court below, holding that the term of court at which the accused was tried was illegally held, as the adjournment of the regular term was without sufficient legal cause.     Chief Justice Brown said:     "When the judge, without any sufficient legal cause, has adjourned the regular term of the court, by order in vacation, we hold that he has no power at such adjourned term to compel any party to go to trial before him."

After stating that if parties to civil causes make no objection and go to trial, the irregularity is waived, and they can not afterwards be heard to object to the judgment on the ground of the illegal act of the judge in ordering the adjournment, he said the rule was different in a criminal case involving the life or liberty of the defendant, who waives nothing by implication or intendment. The plaintiff in error in the present case waived nothing. He never even filed any defense to the merits of the case. All that he did was to file, at the appearance term, a demurrer and plea to the jurisdiction of the court, and, when these were stricken, exceptions pendente lite to such ruling of the court. As the judgment complained of was rendered when the court had no jurisdiction to try this case, it is                              *Reversed. By five Justices.*