Louis M. Coxetter, Appellant, vs. F. M. Huertas, Respondent.

1. The statement in the affidavit verifying a complaint, of the facts relied upon to obtain permanent injunction, must be direct and positive, and not merely that "*some* of the statements are true," and that others are made upon information and belief.

2. Plaintiff seeks to restrain the defendant from entering judgment upon an award made by referees mutually agreed upon. The reference contained no stipulation that the award be made a rule of court, and no action was pending. The Judge, upon request, appointed the referees and directed them to make their report as soon as practicable. *Held:* That neither under the Code, nor under the act of 1828, relating to arbitration, was the court authorized to render judgment upon the award without suit or without written agreement to that effect, and as the appellant, for aught that appears, has full opportunity for making his defence at law, the process of injunction will not be granted.

Appeal from the Circuit Court for Duval county, Fourth Judicial Circuit.

A statement of the case is contained in the opinion of the court.

*Summers* and *Jones, Call & Basnett,* for Appellant.

*F. I. Wheaton* for Respondent.

RANDALL, C. J., delivered the opinion of the court.

This is an appeal from an order of the Judge of the fourth circuit refusing to grant an injunction to restrain the respondent Huertas from entering judgment upon an award of referees or arbitrators. The complaint was sworn to by an attorney of the plaintiff, and there are no other affidavits or proofs substantiating the allegations in the complaint. The verification by the attorney states that he is "familiar with some of the facts in the foregoing complaint set forth, and that they are true; others he knows on information and be-

Coxetter v. Huertas.

lief, and as to those matters he believes them to be true."
This affidavit is entirely insufficient to support an application for an injunction, as no distinct fact is stated upon the knowledge of the affiant.

The complaint prays that the respondent Huertas be restrained from entering judgment upon an award of referees who had been chosen by the respective parties to hear and determine certain matters submitted to them, and in which award they had found a certain amount due and owing by the appellant.

The reference was in writing signed by the parties. No suit was pending at the time the reference was submitted to, and there was no written agreement that the award be made a rule of court. It does not seem, therefore, that the court was authorized to enter judgment thereon either by the provisions of the Code or of the act of 1828, relating to arbitrations.

The appellant, therefore, if he has any defence against any proceeding to enforce the award, may show it whenever it is sought to enforce it by suit, and having this right, he cannot by anticipating legal proceedings address the equitable jurisdiction of the court to enjoin the entry of a judgment. The rule that, where a remedy exists at law, a party cannot resort to a court of equity to accomplish the same end, is too familiar to require any reference to the books. There is no pretence that the party is in danger of losing any right of legal defence in the premises.

The order of the Circuit Court must be affirmed.