HOLLINSHEAD *et al. v.* THE TOWN OF LINCOLNTON *et al.*

Though a writ of error will lie to an order granting or denying an injunction, it will not lie to an order granted pending the application rescinding a previous temporary restraining order.

March 10, 1890.

Practice in Supreme Court.    Injunction.

Hollinshead *et al.* petitioned for injunction against the municipal authorities of Lincolnton, to prevent their proceeding under a certain act of the legislature, alleged to be unconstitutional. In the absence from the State of Judge LUMPKIN, the judge of the circuit, a restraining order was passed by Judge RONEY, and the defend-

ants were therein ordered to show cause before Judge LUMPKIN, on a day named, why the injunction should not be granted. Before that day, and after due notice to the petitioners, the defendants moved to set aside the restraining order on the grounds that, (1) under the case as made in the petition, the petitioners are not entitled to the writ of injunction; and (2) the act in question is a good and valid law, and authorizes the defendants to do the things complained of. The motion was sustained, and the petitioners excepted.

COLLEY & SIMS, for plaintiffs.

W. M. & M. P. REESE, for defendants.

BLECKLEY, Chief Justice.

Since hearing the argument, we have scrutinized the record and find that a temporary restraining order was granted on December 23, 1889, to continue in force until the hearing of the application for injunction, the time fixed for the hearing by the order of the judge being the fourth Monday in February, 1890. On the first day of February, the restraining order was rescinded and set aside, and it is this order of rescission which is excepted to and brought here for review on a "fast" writ of error. The case does not come within §§3211, 3212 and 3213 of the code, and consequently the writ of error must be dismissed. There is no provision of law for reviewing by such a writ of error an interlocutory order revoking or setting aside a temporary restraining order. *Collins* v. *Huff*, 61 *Ga.* 633; *Kaufman* v. *Ferst*, 55 *Ga.* 350; *Ballin* v. *Ferst*, 53 *Ga.* 551. The time fixed for hearing the application for injunction had not arrived when this writ of error was brought, and, so far as appears, the application has not yet been heard. Certainly the rescission of the temporary restraining order was no direct adjudication upon the right to injunction. It might well be that such a restraining

order was needless, and whether it was or not, there is no power to review either the grant of it or its rescission. The matter is left by the law to the discretion of the judge, and this court has no right or power to control its exercise.    *Writ of error dismissed.*