## PUTNAM MILLS & POWER CO. *v.* STONECYPHER *et al.*

An order passed by the judge at the conclusion of the hearing of an application for interlocutory injunction, which did not refer to the previous restraining order and did not expressly refuse to grant an injunction, *held* no basis for a writ of error as to such refusal.

No. 1957. FEBRUARY 18, 1921.

Petition for injunction. Before Judge Park. Putnam superior court. February 7, 1920.

*Davidson, Callaway & DeJarnette,* for plaintiff.

*R. C. Jenkins, S. T. Wingfield, M. F. Adams,* for defendants.

FISH, C. J. The Putnam Mills and Power Company brought an action against I. L. Stonecypher et al., seeking to enjoin the defendants from obtaining a charter in the name of Stonecypher's Light Company, to furnish electricity for light, heat, and power. Upon presentation of the petition the judge of the superior court granted an order requiring the defendants to show cause why the injunction should not be granted, and temporarily restrained them until further order. At the preliminary hearing the judge passed the following order: " After hearing the application for injunction, the court is of the opinion that, under par. 2 of sec. 2823 of the Civil Code, it is the duty of the court to grant the application for charter of the Stonecypher Light Company, as it is legitimately within the purview and intention of said Code. This judgment is not intended to give to the Stonecypher Light Company any legal rights as to the streets of the City of Eatonton, or debar the complainant of hereafter raising the question as to any vested rights that they may now have." The petitioner filed a bill of exceptions, setting forth the case, the order as quoted, and then continuing as follows: " To which order the plaintiff in error, the said Putnam Mills & Power Co., then and there excepted, and now excepts and assigns the same as error as being contrary to law; and says that the judge should then and there have granted said injunction."

The order passed by the judge at the preliminary hearing did not refer to the prior restraining order, nor expressly refuse to grant an interlocutory injunction. There can be no order or judgment by inference or implication that can be the subject of review by an appellate court. As there was no judgment upon which error could be assigned, the bill of exceptions must be dismissed.

*Writ of error dismissd. All the Justices concur.*