## BRADFIELD *v.* ABERCROMBIE *et al.*

FISH, C. J. Upon presentation of a petition for injunction and other relief, the judge granted a temporary restraining order and a rule requiring the defendants to show cause at a time stated why an interlocutory injunction should not be granted. On the hearing at the time designated the judge passed the following order: "After hearing evidence and argument of counsel on the within case, application for injunction, etc., it is ordered that the restraining order heretofore granted be and the same is dissolved." No further order was passed. *Held,* that there is no provision of law for reviewing by writ of error an interlocutory order merely revoking or setting aside a temporary restraining order. *Hollinshead* v. *Lincolnton,* 84 *Ga.* 590 (10 S. E. 1094); *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710);

26

*Ragan* v. *Ragan,* 148 *Ga.* 151 (96 S. E. 96). The most the plaintiff in error can contend for is that the order revoking the former temporary restraining order was by inference or implication a judgment refusing an interlocutory injunction. " There can be no order or judgment by inference or implication that can be the subject of review by an appellate court." *Putnam Mills & Power Co.* v. *Stonecypher,* 151 *Ga.* 14 (106 S. E. 87). The order which dissolved the prior temporary restraining order, without more, left pending the petition for interlocutory injunction to be heard and passed on. The order upon which error is assigned not being subject to review, the bill of exceptions must be dismissed.

*Writ of error dismissed. All the Justices concur.*

No. 2153. APRIL 14, 1921.

Petition for injunction. Before Judge Irwin. Douglas superior court. May 13, 1920.

*James & Bedgood,* for plaintiff. *Astor Merritt,* for defendants.