## WARE *v.* BANK OF POWDER SPRINGS *et al.*

An order denying an application to modify an interlocutory injunction, and
to allow the applicant to file a statutory claim to land, was matter for
exception pendente lite; not for direct writ of error.

No. 2880. SEPTEMBER 16, 1922.

Petition to modify injunction, etc. Before Judge Irwin. Pauld-
ing superior court. September 26, 1921.

*H. B. Moss,* for plaintiff in error. *Morris & Hawkins,* contra.

PER CURIAM. A. B. Ware and John D. Ware filed an equi-
table petition against the Bank of Powder Springs, seeking to
restrain that bank from enforcing certain fi. fas. against them.
Pending the hearing Mrs. Armilda Ware filed her intervention
setting up an equitable claim to the land. At the interlocutory hear-
ing the intervenor moved to dismiss the intervention. This motion
was overruled. In its answer to the petition the bank prayed for an
injunction against the petitioners and the intervenor. The prayer
of the petitioners and the intervenor was refused; but the court
granted an injunction against petitioners and Mrs. Ware, restrain-
ing them from interfering with a sale of the land by the sheriffs.
This order was not excepted to; but subsequently Mrs. Ware filed an
application for a modification of the injunction granted by the
court against her, and prayed that she might be allowed to file a
statutory claim. Upon hearing this application the judge passed
the following order: "Upon considering the within motion for
modification of the former order in said case, rendered August 18,
1921, the same is hereby refused, and the modification of the
order and prayer for the right to file her statutory claim denied."
This motion was one for modification of an interlocutory in-
junction, and the order above set forth as passed by the court
was one refusing a modification of an interlocutory injunction.
A judgment of this character is not one that can be brought to the
Supreme Court for review by direct bill of exceptions, but should
be made the subject of pendente-lite exceptions duly presented and
filed. This being true, the bill of exceptions in the case must be
dismissed. *Smith* v. *Willis,* 107 *Ga.* 792 (33 S. E. 667); *Ragan*
v. *Ragan,* 148 *Ga.* 151 (96 S. E. 96).

*Writ of error dismissed. All the Justices concur.*