## Touchton *et al.* *v.* Henderson *et al.*

Atkinson, J.  Upon presentation of a petition for injunction and other relief, the judge granted a temporary restraining order and a rule requiring the defendants to show cause at a time stated why an interlocutory injunction should not be granted.  The case was duly heard at the time designated, and the judge took the case under advisement.  At a later date the judge rendered a decision which was set forth in nine paragraphs, eight of which related to rulings on the admissibility of evidence.  The last paragraph was: "The evidence introduced failed to show a perfect paper title in the plaintiffs; no valid color of title was introduced upon which to base prescription under the evidence; adverse actual possession of the entire tract of land sued for was not shown, actual possession of the entire tract of land was not shown in a predecessor in title; and the actual possession of a portion of the land, undescribed, and of such trees as might be suitable for turpentine purposes, without a description of the land so held or the amount or number of trees worked for turpentine purposes, leaves the court without facts upon which to base the continuance of the restraining order heretofore granted.  It is thereupon further considered, adjudged, and ordered by the court, after a full consideration of all the relevant evidence submitted, the argument of counsel and the briefs submitted on behalf of both parties to said cause, that the temporary restraining order heretofore granted against the defendants and each of them in said cause be and the same is hereby dissolved."  No further order was passed.  *Held*, that there is no provision of law for reviewing by writ of error an interlocutory order merely revoking or setting aside a temporary restraining order.  *Hollinshead* v. *Lincolnton*, 84 *Ga.* 590 (10 S. E. 1094); *Stubbs* v. *McConnell*, 119 *Ga.* 21 (45 S. E. 710); *Ragan* v. *Ragan*, 148 *Ga.* 151 (96 S. E. 96).  The most the plaintiff in error can contend for is that the order revoking the former temporary restraining order was by inference or implication a judgment refusing an interlocutory injunction.  "There can be no order or judgment by inference or implication that can be the subject of review by an appellate court."  *Putnam Mills & Power Co.* v. *Stonecipher*, 151 *Ga.* 14 (106 S. E. 87).  The order which dissolved the prior temporary restraining order, without more, left pending the petition for interlocutory injunction to be heard and passed on.  The order upon which error is assigned not being subject to review, the bill of exceptions must be dismissed.  *Bradfield* v. *Abercrombie*, 151 *Ga.* 401 (107 S. E. 45).  The language of the judge giving his reasons for dissolving the restraining order was not the judgment of the court.

*Writ of error dismissed.  All the Justices concur.*

Russell, C. J., concurs in the result.

*R. A. Moore,* for plaintiffs.

*Quincey & Rice* and *McDonald & Willingham,* for defendants.