CAROLINA PORTLAND CEMENT COMPANY *v.* JONES *et al.*

</div>

ATKINSON, J. Upon presentation of a petition for injunction and other relief, the judge granted a temporary restraining order and a rule requiring the defendants to show cause at a time stated why an interlocutory injunction should not be granted. The case was duly heard at the time designated, and the judge took the case under advisement. At a later date the judge rendered a decision which was set forth as follows: "The petition for injunction, equitable relief, setting aside judgment of the city court of Hinesville, etc., coming on regularly to be heard under proper orders of the court and by agreement of counsel, and after hearing the evidence and the arguments of counsel and the further consideration of the case submitted, it is considered, ordered, and adjudged that the temporary restraining order heretofore granted, to wit, on the 23rd day of June, 1925, should be and the same is hereby revoked and dissolved. It seems to the court that points raised in the demurrer, and the facts set up in the plea in abatement and the facts substantiating the same, that the suit under consideration is barred and that the judgment of the city court of Hinesville should stand; there being no appeal therefrom in that court, it appears to this court to be final, the city court of Hinesville being a court of competent jurisdiction to pass upon the matters set up in the case under consideration upon a proper and timely presentation of the same." No further order was passed. *Held,* that there is no provision of law for reviewing by writ of error an interlocutory order merely revoking or setting aside a temporary restraining order. *Hollinshead* v. *Lincoln-*

---

Appeal and Error, 3 C. J. p. 559, n. 8; 4 C. J. p. 580, n. 28.

*ton*, 84 *Ga*. 590 (10 S. E. 1094); *Stubbs* v. *McConnell*, 119 *Ga*. 21 (45 S. E. 710); *Ragan* v. *Ragan*, 148 *Ga*. 151 (96 S. E. 96). The most the plaintiff in error can contend for is that the order revoking the former temporary restraining order was by inference or implication a judgment refusing an interlocutory injunction. "There can be no order or judgment by inference or implication that can be the subject of review by an appellate court." *Putnam Mills & Power Co.* v. *Stonecypher*, 151 *Ga*. 14 (106 S. E. 87). The order which dissolved the prior temporary restraining order, without more, left pending the petition for interlocutory injunction to be heard and passed on. The order upon which error is assigned not being subject to review, the bill of exceptions must be dismissed. *Bradfield* v. *Abercrombie*, 151 *Ga*. 401 (107 S. E. 45). The language of the judge giving his reasons for dissolving the restraining order was not the judgment of the court. *Touchton* v. *Henderson*, 158 *Ga*. 819 (124 S. E. 529).

*Writ of error dismissed. All the Justices concur.*

No. 5116.  JULY 16, 1926.

Petition for injunction. Before Judge Sheppard. Liberty superior court. August 24, 1925.

*Anderson Ulmer* and *O. E. Bright,* for plaintiff.

*W. F. Mills* and *O. C. Darsey,* for defendants.