## WILLIAMS *et al. v.* ROBERTS, tax-collector.

ATKINSON, J. On presentation of a petition for injunction the judge granted a restraining order until the further order of the court, and issued a rule nisi calling upon the defendant to show cause why the prayers for injunction should not be granted. At the interlocutory hearing the following judgment was rendered: "Upon hearing and considering the above stated case and arguments thereon, it is ordered and adjudged that the restraining order heretofore granted be and the same is hereby dissolved. In open court." The plaintiff excepted, assigning error in the bill of exceptions as follows: "To the judgment as rendered by the court the plaintiff in error then and there excepted, now excepts, and assigns the same as error, as being contrary to the law, contrary to the evidence and without evidence to support it." *Held:* There is no provision of law for reviewing by writ of error an interlocutory order merely revoking or setting aside a temporary restraining order. *Hollinshead* v. *Lincolnton,* 84 *Ga.* 590 (10 S. E. 1094) ; *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710) ; *Ragan* v. *Ragan,* 148 *Ga.* 151 (96 S. E. 96). The most the plaintiff can contend for is that the order revoking the former temporary restraining order was by inference or implication a judgment refusing an interluctory injunction. "There can be no order or judgment by inference or implication that can be the subject of review by an appellate court." *Putnam Mills & Power Co.* v. *Stonecypher,* 151 *Ga.* 14 (106 S. E. 87). The order which dissolved the prior temporary restraining order, without more, left pending the petition for interlocutory injunction to be heard and passed on. The order upon which error is assigned not being subject to review, the bill of exceptions must be dismissed. *Bradfield* v. *Abercrombie,* 151 *Ga.* 401 (107 S. E. 45) ; *Carolina Portland Cement Co.* v. *Jones,* 162 *Ga.* 591 (134 S. E. 300) ; *Goss* v. *Brannon,* 165 *Ga.* 502 (141 S. E. 295). *Writ of error dismissed. All the Justices concur.*

No. 6964. OCTOBER 4, 1929.

*C. W. Foy,* for plaintiffs.
*Homer Beeland* and *Gilbert C. Robinson,* for defendant.