WOFFORD OIL COMPANY *v.* CITY OF NASHVILLE.

No. 9197.   AUGUST 8, 1933.

*O. C. Hancock* and *H. L. Jackson,* for plaintiff.

*William Story,* for defendant.

ATKINSON, J. Upon the presentation of a petition for injunction and other relief, the judge granted an order temporarily restraining the defendant, and requiring appearance at a future time and place to show cause why the prayers of the petition should not be granted. Thereafter the judge rendered the following decision: "The within-stated case coming on regularly for interlocutory hearing; and after submission of evidence and argument of counsel, it is considered, ordered, and adjudged that the temporary restrain-

ing order heretofore granted be and the same is hereby dissolved, for the reason that plaintiff appears to have a full, complete, and adequate remedy at law by affidavit of illegality." No further order was passed.

There is no provision of law for reviewing by writ of error an interlocutory order merely revoking or setting aside a temporary restraining order. *Hollinshead* v. *Lincolnton,* 84 *Ga.* 590 (10 S. E. 1094); *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710); *Ragan* v. *Ragan,* 148 *Ga.* 151 (96 S. E. 96). The most the plaintiff in error can contend for is that the order revoking the former temporary restraining order was by inference or implication a judgment refusing an interlocutory injunction. "There can be no order or judgment by inference or implication that can be the subject of review by an appellate court." *Putnam Mills & Power Co.* v. *Stonecypher,* 151 *Ga.* 14 (106 S. E. 87). The order which dissolved the prior temporary restraining order, without more, left pending the petition for interlocutory injunction to be heard and passed on. The order upon which error is assigned not being subject to review, the bill of exceptions must be dismissed. *Bradfield* v. *Abercrombie,* 151 *Ga.* 401 (107 S. E. 45). The language of the judge giving his reason for dissolving the restraining order was not the judgment of the court. *Touchton* v. *Henderson,* 158 *Ga.* 819 (124 S. E. 529). *Carolina Portland Cement Co.* v. *Jones,* 162 *Ga.* 591 (134 S. E. 300). See also *James* v. *Wilkerson,* 164 *Ga.* 149 (138 S. E. 71); *Shirley* v. *Standard Oil Co.,* 169 *Ga.* 300 (150 S. E. 215); *Forrester* v. *Denny,* 169 *Ga.* 435 (150 S. E. 555); *Williamson* v. *Allen,* 169 *Ga.* 537 (150 S. E. 907). The case differs from *Free Gift Lodge* v. *Edwards,* 161 *Ga.* 832 (2) (132 S. E. 206), in which the judgment expressly stated that a temporary injunction was refused.

*Writ of error dismissed. All the Justices concur, except Hill, J., absent because of illness.*