HYERS, administrator, *v.* BENNETT.

No. 9791.   OCTOBER 13, 1933.

*I. J. Bussell,* for plaintiff.   *Bennett & Bennett,* for defendant.

GILBERT, J.   Hyers, administrator, filed a petition praying that Bennett be enjoined and restrained from further pressing a garnishment proceeding; that petitioner be directed "as to whom to pay with the money he has in his hands as administrator;" and for general relief.   The bill of exceptions recites that the petition for injunction was presented to the court and "when presented said court after consideration of the same refused to grant the same. To this ruling the plaintiff . . excepted." Neither the bill of exceptions nor the record recites or shows notice of any kind on the defendant, nor is it shown that there was any hearing, temporary or otherwise.   The brief of plaintiff in error states that "when said petition was presented to said court, without hearing the evidence" the court "refused to hear evidence thereon," etc.   There is no assignment of error on the refusal to hear evidence.   There is no recital in the bill of exceptions or the record that the court refused to hear evidence.

1.   "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to."   Civil Code (1910), § 5477; *Barnesville Mfg. Co.* v. *Schofield's Sons Co.,* 118 *Ga.* 664, 667 (45 S. E. 455).

2.   "In all cases of applications for injunctions, the judge to whom presented shall, before granting an order for the same, cause sufficient notice of the application to be given to the party sought to be enjoined, and of the time and place when he will hear the motion; and no order for such injunction shall be granted until such party can be heard, unless it is manifest to such judge, from the sworn allegations in the bill or the affidavit of a competent person, that the injury apprehended will be done if an immediate remedy is not afforded, when he may grant instanter an order restraining the party complained of until the hearing or the further order of

the court, which restraining order shall have all the force of an injunction until rescinded or modified by the court." Civil Code (1910), § 5501. The petition does not allege facts sufficient to authorize the judge to grant a restraining order under the provisions of this section and code section 5545 providing for the ex parte grant of that extraordinary remedy where "it is manifest to such judge from the sworn allegations in the bill . . that the injury apprehended will be done if an immediate remedy is not afforded."

3. The judgment on which error is assigned, having been rendered on the presentation of the petition without notice or hearing, though denominated a refusal to grant an injunction, obviously is merely a refusal to grant a restraining order. "The refusal of a judge to grant an ad interim restraining order in advance of the time set for a hearing of an application for a temporary injunction is not reviewable." *Hollinshead* v. *Lincolnton*, 84 *Ga.* 590 (10 S. E. 1094) ; *Corbin* v. *Shadburn,* ante, 776, and cit.

*Writ of error dismissed. All the Justices concur.*