DRUGGISTS CO-OPERATIVE ICE-CREAM INC. *v.* CRAVEY.

No. 11490. OCTOBER 14, 1936. REHEARING DENIED DECEMBER 10, 1936.

*Augustine Sams,* for plaintiff.
*Hewlett & Dennis,* for defendant.

BELL, Justice. On presentation of a petition for an injunction and other equitable relief, the judge granted a temporary restraining order, and issued a rule nisi calling on the defendant to show cause, on a named date, "why the temporary restraining order should not be continued in force, and why all other prayers of the bill for interlocutory relief should not be granted." The following order was passed at the interlocutory hearing: "The above-stated case coming on regularly for an interlocutory hearing, after hearing evidence and argument and considering briefs filed by counsel for plaintiff and defendant upon said hearing, it is considered, ordered, and adjudged that the restraining order heretofore entered in this case be and the same is hereby dissolved and cancelled. Supersedeas is granted to and including Saturday, May 30, 1936." The bill of exceptions brought by the plaintiff described the order as one denying an interlocutory injunction, and recited that "to the above-stated judgment denying plaintiff an interlocutory injunction and revoking and dissolving the temporary restraining order the plaintiff did then and there except, now excepts, and assigns said judgment and the above-stated order as error, upon" stated grounds. The defendant in error moved to dismiss the writ of error, on the ground that the order of the court merely dissolved the temporary restraining order previously granted ex parte, and was not a judgment refusing to grant an interlocutory injunction. *Held,* that the writ of error must be dismissed. The order complained of is not a judgment refusing to grant an interlocutory injunction, and affords no basis for a writ of error. "There is no provision of law for reviewing by writ of error an interlocutory order merely revoking or setting aside a temporary restraining order. *Hollinshead* v. *Lincolnton,* 84 *Ga.* 590 (10 S. E. 1094); *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710); *Ragan* v. *Ragan,* 148 *Ga.* 151 (96 S. E. 96)." *Bradfield* v. *Abercrombie,* 151 *Ga.* 401 (107 S. E. 45); *Williams* v. *Roberts,* 169 *Ga.* 226 (150 S. E. 85); *Shirley* v. *Standard Oil Co.,* 169 *Ga.* 300 (150 S. E. 215); *Forrester* v. *Denny,* 169 *Ga.* 435 (150 S. E. 555); *Barrett* v. *American Securities Co.,* 173 *Ga.* 57 (159 S. E. 866).

There is no merit in the contention that the statements of fact contained in the bill of exceptions, and certified by the trial judge, showed that an interlocutory injunction was denied. The

order passed by the judge did not expressly refuse to grant an interlocutory injunction, and "there can be no order or judgment by inference or implication that can be the subject of review by an appellate court." *Putnam Mills & Power Co.* v. *Stonecypher,* 151 *Ga.* 14 (106 S. E. 87); *Touchton* v. *Henderson,* 158 *Ga.* 819 (124 S. E. 529); *Williams* v. *Roberts,* supra.

*Writ of error dismissed. All the Justices concur, except Atkinson, J., absent because of illness.*