### BABB *v.* McKINNON.

No. 12052. MARCH 9, 1938.
ADHERED TO ON REHEARING, MARCH 28, 1938.

*McCullar & McCullar,* for plaintiff.
*Sibley & Allen,* for defendant.

ATKINSON, Presiding Justice. 1. A vendor instituted bail-trover proceedings in the county court against his vendee to recover an automobile. Whereupon the vendee instituted an equitable action against the vendor to enjoin the trover proceedings, and to consolidate that suit with the suit in equity, and for other equitable relief. The vendee's demands were based on alleged trespass in illegally

taking the automobile from him, and converting it, causing him to incur expense in locating the automobile and prosecuting a possessory-warrant proceeding to recover possession, and causing other damage to vendee, as follows: (1) cost of necessary repairs to automobile $15; (2) loss of profits which he would have earned in his business up to the time of suit $225; (3) value of the contract to which his business relates which he was forced to abandon $200; (4) loss of future profits (after suit) which he would have made under his contract $2,375; (5) attorney's fees incurred in the possessory-warrant proceedings $25; (6) time and expenses in locating the automobile $25; (7) attorney's fees for defending the trover suit $50; (8) time and expense incurred in the trover proceeding in the county court $40. It was alleged that the contract of purchase was in writing and notes were given for deferred payments of purchase-price which was $250. None of these writings were set forth. It was further alleged that after the vendor repossessed the automobile and after institution of the trover action the vendor "is now trying to continue to collect the monthly notes originally given." In that connection it was alleged that petitioner had received a demand from defendant, through a named bank, for payment of one of the notes, and "that the due date on the next note will be September 2d, and it is his [petitioner's] information that the defendant will still try to collect these notes each month." The additional relief sought included cancellation of the contract of purchase and the unpaid portion of purchase-money notes and certain bonds which had been exacted in the trover suit, and injunction against collection of the unpaid notes. One ground of the equitable relief alleged was avoidance of multiplicity of actions, and that all matters of controversy could be settled in the equitable action brought for that purpose. It was not alleged that the vendor was a non-resident or insolvent. The petition did not set forth the language or substance of the contract of purchase and sale, or by what right or title the vendor sought to recover in the action of trover. The action was dismissed on general demurrer to the petition, complaining that the allegations showed plaintiff had an adequate remedy at law, and that no ground was alleged for the grant of equitable relief. The plaintiff excepted. *Held:*

(*a*) "A general demurrer goes to the whole pleading to which

it is addressed, and should be overruled if any part thereof is good in substance. *McLaren* v. *Steapp,* 1 *Ga.* 376; *Hazlehurst* v. *Savannah, Griffin &c. R. Co.,* 43 *Ga.* 13; *Napier* v. *Union Cotton Mills,* 93 *Ga.* 587 (20 S. E. 80)." *Laslie* v. *Gragg Lumber Co.,* 184 *Ga.* 794, 804 (193 S. E. 763). See *Parrish* v. *Rigell,* 183 *Ga.* 218 (2) (188 S. E. 15, 107 A. L. R. 385); *Wofford Oil Co.* v. *Calhoun,* 183 *Ga.* 511, 515 (189 S. E. 5); *McKown* v. *Atlanta,* 184 *Ga.* 221 (10), 225 (190 S. E. 571); *Stroup* v. *Imes,* 185 *Ga.* 422 (195 S. E. 411).

(*b*) A vendor who has received purchase-money notes has no right to collect the notes after election to rescind, and pending a trover suit to recover the chattel from the vendee. *General Motors Acceptance Corporation* v. *Coggins,* 178 *Ga.* 643 (173 S. E. 841).

(*c*) The petition contained allegations and prayers, sufficient as against general demurrer, for injunction against prosecution of the trover suit in the county court, and for consolidation of the trover action with the equitable action, in order that the issues in the trover suit and the question of liability on the notes may be determined in one litigation and multiplicity of suits avoided, whether or not other grounds of controversy be valid or invalid. On the further trial either or both parties shall have the right of amendment.

(*d*) There was no special demurrer on the ground that the sale contract was not set forth in form or substance.

(*e*) If under the terms of the contract the vendor had the right to repossess the automobile in the circumstances, that would be a proper matter for plea, the petition not showing such right on its face.

2. The judge stated in his order: "All the allegations in this petition as to attorney's fees, prospective profits from the business of the plaintiff described in said petition, and injuries to his reputation and credit and [are] merely speculative, and would not be legitimate items of damages for recovery by the plaintiff." This statement was not a judgment on the special demurrer, but merely expressed a reason for the judgment sustaining the general demurrer. The statement was not a judgment of the court upon which error could be assigned. *Dunaway* v. *Gore,* 164 *Ga.* 219, 221 (138 S. E. 213); *Central Railroad* v. *Smith,* 74 *Ga.* 112 (2); *Smith* v. *Savannah, Florida & Western Ry. Co.,* 86 *Ga.* 195 (12

S. E. 306); *Griffith* v. *Finger,* 115 *Ga.* 592 (41 S. E. 993); *Hendricks* v. *Jackson,* 139 *Ga.* 604 (77 S. E. 816); *Touchton* v. *Henderson,* 158 *Ga.* 819 (124 S. E. 529); *Carolina Portland Cement Co.* v. *Jones,* 162 *Ga.* 591 (134 S. E. 300); *Magid* v. *Byrd,* 164 *Ga.* 609, 612 (139 S. E. 61). Accordingly no ruling is now made by this court as to whether the statement is correct or incorrect, and it is not an adjudication such as will be conclusive on another trial. *Judgment reversed. All the Justices concur.*