GRIZZEL *et al.* v. GRIZZEL.

No. 12831. JUNE 24, 1939.

*T. H. Crawford* and *Morris & Welsch,* for plaintiff in error.
*William Butt* and *John S. Wood,* contra.

JENKINS, Justice. ■ On an application for injunction the judge, on a proper showing, may grant without notice to the defendant a "temporary restraining order," until the hearing or further order of the court, which shall have all the force and effect of an injunction until rescinded or modified by the court. Upon such a temporary restraining order being granted, it is the duty of the judge to cause sufficient notice to be given to the defendant as to the time and place for an interlocutory hearing to be had thereon. Code, § 55-201; *Webb* v. *Hicks,* 117 *Ga.* 335, 340 (43 S. E. 738); *Young* v. *Hamilton,* 135 *Ga.* 339, 345 (69 S. E. 593, 31 L. R. A. (N. S.) 1057, Ann. Cas. 1912A, 144). It is only upon such an interlocutory hearing and after notice thereof to the opposite party that a temporary or interlocutory injunction may be granted. Code, §§ 55-202, 55-111; *Strickland* v. *Griffin,* 70 *Ga.* 541 (5), 550; *Payton* v. *Ford,* 134 *Ga.* 587 (2) (68 S. E. 300); *Southern Cotton-Oil Co.* v. *Overby,* 136 *Ga.* 69 (3) (70 S. E. 664); *Strain* v. *Stark,* 135 *Ga.* 687 (2) (70 S. E. 568); *Brown* v. *Smith,* 150 *Ga.* 111 (102 S. E. 813).

While a fast writ of error will lie from an order at the interlocutory hearing, granting or refusing an injunction (Code, § 6-903; *Temple Baptist Church* v. *Georgia Terminal Co.,* 128 *Ga.* 669, 674, 58 S. E. 157; *Davison-Nicholson Co.* v. *Pound,* 147 *Ga.* 447, 94 S. E. 560), the mere grant or refusal of an ex parte restraining order in advance of the time set for the hearing of the application for temporary injunction is not reviewable. *Hollinshead* v.

*Lincolnton,* 84 *Ga.* 590, 592 (10 S. E. 1094) ; *Mayor &c. of Savannah* v. *Grayson,* 104 *Ga.* 105, 108 (30 S. E. 693) ; *Crider* v. *Holbrook,* 169 *Ga.* 765 (151 S. E. 505) ; *Dorminey* v. *Moore,* 144 *Ga.* 207 (86 S. E. 536) ; *Ivey* v. *Rome,* 126 *Ga.* 806 (55 S. E. 1034). It follows that no writ of error would lie upon the exceptions taken to the *original* ex parte restraining order. In *Jones* v. *Warnock,* 67 *Ga.* 484, this court held that where a temporary restraining order was granted, and at the interlocutory hearing the judge "refused to dissolve it, but ordered it to be continued in force until further order, this was in effect to grant a temporary injunction, and could be brought to this court by 'fast' bill of exceptions." That decision was followed in *Ramsey* v. *Ramsey,* 175 *Ga.* 685, 688 (165 S. E. 624), involving the analogous continuance of a temporary receivership, and in *Kinney* v. *Crow,* 186 *Ga.* 851, 855 (199 S. E. 198), and *Ferrell* v. *Wight,* 187 *Ga.* 360 (200 S. E. 271), both involving the continuance of temporary restraining orders. While the language of the instant order, entered after the hearing of evidence at the interlocutory hearing, that "the restraining order heretofore granted . . be and the same is continued of force until the further order of the court," is not as strong as was used in the *Ramsey* case, that the receivership be "continued in force *until a jury adjudicates the rights of the parties,*" or as in the *Kinney* case, that "the restraining order be continued in force against the defendant . . *as a temporary injunction* against doing any of the things complained of in plaintiff's petition," the language of the order in the *Ferrell* case, as in the early *Jones* case, was substantially the same as in this case. The order in the *Ferrell* case was that "the restraining order of the court heretofore granted is hereby made continuing until the further order of the court." Since it is the duty of a judge, under the Code, §§ 55-201 et seq. relating to injunctions, to either grant or refuse an interlocutory injunction at the hearing set for that purpose, and in a doubtful case it will ordinarily be presumed that he has done what he ought to have done, and since under the express terms of the Code, § 55-201, a "restraining order shall have all the force of an injunction until rescinded or modified by the court," the continuance of a restraining order, after evidence at the interlocutory hearing, under the ruling in *Jones* v. *Warnock,* has the manifest purpose and effect of granting a preliminary injunction, and will authorize

a fast writ of error. And this is true even though the judge under such circumstances may have used the words "temporary restraining order" instead of the more appropriate term, "interlocutory injunction." See *Shaw* v. *Goodman,* 135 *Ga.* 230 (69 S. E. 173). Notwithstanding some conflict in the authorities and past confusion in the practice, the oldest decision, *Jones* v. *Warnock,* controls. If there is any holding to the contrary or language that might be so construed in later cases, these must yield to the earlier decision. See *Bleyer* v. *Old Hickory Distilling Co.,* 70 *Ga.* 424 (2) ; *Mayor &c. of Savannah* v. *Grayson,* supra; *Smith* v. *Willis,* 105 *Ga.* 840 (32 S. E. 92) ; *Hanson* v. *Stephens,* 116 *Ga.* 722, 725 (42 S. E. 1028) ; *Eagle Publishing Co.* v. *Mercer,* 154 *Ga.* 246 (2) (114 S. E. 26) ; *Hall* v. *Hall,* 185 *Ga.* 502, 504 (195 S. E. 731). This ruling is not in conflict with that in *Collins* v. *Huff,* 61 *Ga.* 633, made antecedent to the *Warnock* case, or subsequent rulings in *Hollinshead* v. *Lincolnton,* supra, and *Kennedy* v. *Edenfield,* 159 *Ga.* 816 (126 S. E. 779), holding that a mere ad interim order before an interlocutory hearing can not be taken as a grant or refusal of an interlocutory injunction. Nor is this ruling in conflict with that in such cases as *Ballin* v. *Ferst,* 53 *Ga.* 551, and *Kaufman* v. *Ferst,* 55 *Ga.* 351, where the order was passed, not at the interlocutory hearing, but on a mere motion to dissolve. See *Smith* v. *Willis,* 107 *Ga.* 792, 793 (33 S. E. 667).

No question is presented in the instant case as to whether an order passed at the interlocutory hearing, dissolving, revoking, rescinding, vacating, or setting aside a previously granted restraining order should be construed as a refusal of an injunction, so as to authorize a fast bill of exceptions. See *Hollinshead* v. *Lincolnton,* supra; *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710) ; *Berry* v. *Parker,* 130 *Ga.* 741 (61 S. E. 541) ; *Young* v. *Harris,* 146 *Ga.* 338 (91 S. E. 39) ; *Ragan* v. *Ragan,* 148 *Ga.* 151 (96 S. E. 96) ; *Higgins* v. *Gaines,* 150 *Ga.* 786 (105 S. E. 371) ; *Putnam Mills & Power Co.* v. *Stonecypher,* 151 *Ga.* 14 (106 S. E. 87) ; *Bradfield* v. *Abercrombie,* 151 *Ga.* 401 (107 S. E. 45) ; *Touchton* v. *Henderson,* 158 *Ga.* 819 (124 S. E. 529) ; *James* v. *Wilkerson,* 164 *Ga.* 149 (138 S. E. 71) ; *Forrester* v. *Denny,* 169 *Ga.* 435 (150 S. E. 555) ; *Barrett* v. *American Securities Co.,* 173 *Ga.* 57 (159 S. E. 866) ; *Wofford Oil Co.* v. *Nashville,* 177 *Ga.* 460 (170 S. E. 369) ; *Taylor* v. *Cleghorn,* 178 *Ga.* 765 (174 S. E. 239) ; *Jett* v. *Gordon,* 179

*Ga.* 627 (176 S. E. 647) ; *Lynch* v. *Reins,* 180 *Ga.* 647 (180 S. E. 120) ; *Bragg* v. *Burke,* 182 *Ga.* 592 (2) (186 S. E. 675) ; *Druggists Co-Operative Ice-Cream Inc.·* v. *Cravey,* 183 *Ga.* 373, 374 (188 S. E. 541) ; *Johnson* v. *Troup County Rural &c. Corporation,* 184 *Ga.* 527 (192 S. E. 15) ; *Hitchcock* v. *Hamilton,* 184 *Ga.* 700 (192 S. E. 726) ; *Jones* v. *Graham,* 187 *Ga.* 622 (1 S. E. 2d, 635). Accordingly, on the exceptions taken to the judgment at the interlocutory hearing, continuing the restraining order, the motion to dismiss this fast writ of error must be denied, even though it appears that the exception to the ex parte appointment of a temporary receiver is moot, since the receivership was dissolved by the defendant's compliance with the conditions provided by the court for its dissolution.

■ Under the Code, § 81-110, "petitions for a restraining order, injunction, receiver, or other extraordinary relief shall be verified *positively* by the petitioner or supported by other satisfactory proof." *Byrd* v. *Prudential Insurance Co.,* 182 *Ga.* 800 (187 S. E. 1). While it is true that positively verified pleadings serve "the office of both pleading and evidence on the application for an injunction," and an order granting an interlocutory injunction thereon will be affirmed where such a verified petition raises an issue as to all material facts (*Saint Amand* v. *Lehman,* 120 *Ga.* 253 (4), 47 S. E. 949; *Bowers* v. *Dean,* 187. *Ga.* 700, 2 S. E. 2d, 655) ; *Roberts* v. *Roberts,* 180 *Ga.* 671 (3), 180 S. E. 491), and that a petition is sufficient when it is verified by the affidavit of the petitioner that "the facts set forth in the bill, as far as they relate to *his act and deed,* are true, and so far as they relate to the act and deed of others he believes to be true" (*Harper* v. *Whitehead,* 33 *Ga.* 138 (5), 145), yet an affidavit, as in the instant case, is insufficient where it merely states that "the allegations of fact set forth in the foregoing petition, where same is based upon affiant's knowledge, are true, and where based upon information she believes to be true," and the petition does not allege what facts are ·"based upon [her] knowledge," and thus fails to completely or sufficiently segregate by positive verification which of the essential facts of the petition were and which were not within her own knowledge. This is true, since in the *Harper* case, supra, as construed in *Hone* v. *Moody,* 59 *Ga.* 731, 733, the petition showed that "the party making the affidavit . . was an active participant in the main

transaction, and knew many of the facts as his own act and deed," whereas in the instant case the petitioner, by failing to allege *what facts were in her knowledge*, or that essential facts were *her own act and deed*, failed to verify positively the essential facts. *Landes* v. *Globe Planter Mfg. Co.*, 73 *Ga.* 176; *Bailey* v. *Bailey*, 90 *Ga.* 435 (16 S. E. 90); *Sasser* v. *Olliff*, 91 *Ga.* 84 (3) (16 S. E. 312); Coxetter *v.* Huertas, 14 Fla. 270; 32 C. J. 337, § 555. Although "it is too late, after an application for an interlocutory injunction has been heard and determined upon its merits, to raise the question that the petition was not duly verified" (*Union Lumber Co.* v. *Allen*, 114 *Ga.* 346 (2), 348, 40 S. E. 231; *Bass* v. *Wolff*, 88 *Ga.* 427, 14 S. E. 589), yet since such an insufficiently verified petition, standing alone, is not sufficient evidence to authorize the grant of an interlocutory injunction, its sufficiency as evidence may be attacked under the general assignment of error that the grant was an abuse of discretion under the evidence. While in the instant case there was no direct attack upon the sufficiency of the affidavit, or upon the introduction of the verified petition in evidence, there was a general assignment of error as to the abuse of discretion, under which the plaintiffs in error (defendants), contend that the petitioner "offered no evidence . . except her sworn petition; that she was present and heard all the evidence offered by plaintiffs in error; that she made no denial or explanation of the same;" and that such evidence "was so overwhelmingly in favor of plaintiffs in error that [there] was an abuse of discretion." For the reason stated, it was error to grant at the interlocutory hearing the order which was in effect an injunction.

*Judgment reversed. All the Justices concur.*
ATKINSON, P. J., concurs in the result.