## HARRIS v. STOWERS et al.

JENKINS, Justice. 1. "A judgment sustaining a plea of res judicata to a suit, but not ordering dismissal of the action, is not 'final,' within the meaning of the Code, § 6-701." *Loveless* v. *McCollum*, 189 *Ga.* 219 (5 S. E. 2d, 582); *English* v. *Rosenkrantz*, 150 *Ga.* 745, 746 (105 S. E. 293).

2. The order here excepted to provided merely that "the defendants' plea of res adjudicata is sustained, and the restraining order heretofore granted is dissolved and revoked." As held in a long line of decisions, an order merely dissolving, revoking, rescinding, vacating, canceling, or setting aside a previously granted ex parte restraining order, is not a judgment refusing to grant an interlocutory injunction, such as can be reviewed by a fast bill of exceptions under the Code, § 6-903, and the judgment can not be so construed by inference or implication. *Druggists Cooperative Ice Cream Inc.* v. *Cravey*, 183 *Ga.* 373, 374 (188 S. E. 541); *Wofford Oil Co.* v. *Nashville*, 177 *Ga.* 460 (170 S. E. 369); *Jones* v. *Graham*, 187 *Ga.* 622 (1 S. E. 2d, 635); *Grizzel* v. *Grizzel*, 188 *Ga.* 418, 421 (3 S. E. 2d, 649), and cit. In the *Grizzel* case, as in the controlling earliest full-bench decision of *Jones* v. *Warnock*, 67 *Ga.* 484, which was followed, it was held that where a temporary restraining order was granted, and at the interlocutory hearing the judge refused to dissolve it and continued it in force until further order, this was in effect a temporary injunction. However, as was stated in the later case, no question was there presented as to "whether an order passed at the interlocutory hearing, dissolving, revoking, rescinding, vacating, or setting aside a previously granted restraining order should be construed as a refusal of an injunction, so as to authorize a fast bill of exceptions." The distinction between the two classes of cases arises by virtue of the language of the Code, § 55-201, that when a "restraining order" is granted it "shall have all the force of an injunction until rescinded or modified by the court," so that when at the interlocutory hearing the judge expressly refuses to dissolve it and continues it in force, the statute makes such an order tantamount to the grant of an interlocutory injunction. But where an order merely revokes or dissolves the previous restraining order, the result is only to restore the situation as it existed before the temporary restraining order, so that the later order does not have the effect of refusing an interlocutory injunction, and leaves that question undetermined.

3. Under the preceding rulings, the part of the order relating to the plea of res judicata was not a final judgment, and the part merely dissolving and revoking the previous restraining order was not such a judgment as would authorize a fast writ of error, even though the bill of exceptions was tendered within twenty days.

*Writ of error dismissed. All the Justices concur.*

No. 13695. MAY 17, 1941.

*Samuel H. Wilds* and *A. L. Henson,* for plaintiff in error.
*Robert L. Evans,* contra.