## BAILEY v. CLEVELAND et al.

DUCKWORTH, Presiding Justice. 1. Where, as in this case, an order recites merely that "the restraining order heretofore passed by the court in this case is hereby modified to the extent necessary to allow the defendant to proceed with the dispossessory-warrant proceeding in the Civil Court of Fulton County, Georgia, referred to in paragraph 14 of the original petition and paragraph 2 of the plaintiff's amendment," it can not by inference or implication be construed as a judgment refusing an interlocutory injunction, although it was issued at an interlocutory hearing, so as to be reviewable by a fast bill of exceptions, or as a final determination of the merits reviewable by an original bill of exceptions; but such order leaves the petition to be passed upon as to the grant or refusal of an injunction and for a final adjudication of the merits. Accordingly, the writ of error excepting only to such an order is prematurely brought and must be dismissed. *Jones v. Graham*, 187 *Ga.* 622 (1 S. E. 2d, 635). See *Grizzell* v. *Grizzell*, 188 *Ga.* 418 (3 S. E. 2d, 649).

2. Nor did the subsequent order issued four days later—in which it was recited that the restraining order granted on June 25 was dissolved on July 8, the date of the preceding order, and, possession having been surrendered by the plaintiff, that $20.50, which the plaintiff had tendered into court, be returned to the plaintiff—alter or change the character of the previous order so as to make it a judgment reviewable by the Supreme Court.

*Writ of error dismissed. All the Justices concur.*

No. 15666. JANUARY 7, 1947.

*Wesley G. Bailey,* for plaintiff.
*Benton E. Gaines* and *W. E. Buckner,* for defendants.