### ADAMS v. CITY OF MACON et al.

No. 16245. JULY 13, 1948.

*Joseph W. Popper* and *Harry S. Strozier*, for plaintiff.

*Miller, Miller & Miller,* and *E. S. Sell Jr.,* for defendants.

CANDLER, Justice. No motion has been made to dismiss the writ of error. However, it is the duty of this court, upon its own motion, to raise the question of its jurisdiction in all cases in which there may be any doubt as to its existence; and the present case, in our opinion, is one calling for such inquiry. *Dobbs* v. *Federal Deposit Insurance Corp.,* 187 *Ga.* 569 (1 S. E. 2d, 672) ; *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d, 602). The only exception here is to the following judgment: "The above matter having come on regularly before the court to be heard on rule nisi issued by this court on January 29, 1948, and after full hearing had in the matter; It is considered, ordered, and decreed that the temporary restraining order granted by this court on January 29, 1948, be, and the same is hereby, vacated and dissolved. It is further considered, ordered, and decreed that plaintiff have twenty days from today to have certified and filed his bill of exceptions, and that this order act as supersedeas for the duration of such twenty days."

It is well settled that there is no provision of law for reviewing by writ of error an interlocutory order or judgment merely vacating or dissolving a temporary restraining order. *Hollinshead* v. *Lincolnton,* 84 *Ga.* 590 (10 S. E. 1094) ; *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710) ; *Ragan* v. *Ragan,* 148 *Ga.* 151 (96 S. E. 96) ; *Bradfield* v. *Abercrombie,* 151 *Ga.* 401 (107 S. E. 45) ; *Touchton* v. *Henderson,* 158 *Ga.* 819 (124 S. E. 529) ; *James* v. *Wilkerson,* 164 *Ga.* 149 (138 S. E. 71) ; *Goss* v. *Brannon,* 165 *Ga.* 502 (141 S. E. 295) ; *Williams* v. *Roberts,* 169 *Ga.* 226 (150 S. E. 89) ; *Harris* v. *Stowers,* 192 *Ga.* 215 (2) (15 S. E. 2d, 193) ; *Astin* v. *Carden,* 194 *Ga.* 758 (22 S. E. 2d, 481). And this rule is not otherwise where the order of dissolution is granted after hearing evidence. *Williamson* v. *Allen,* 169 *Ga.* 537 (150 S. E. 907) ; *Wofford Oil Co.* v. *Nashville,* 177 *Ga.* 460 (170 S. E. 369) ; *Johnson* v. *Troup County Rural Electrification Corp.,* 184 *Ga.* 527 (192 S. E. 15).

An exception, of course, may be taken and a writ of error will lie to review a judgment granting or refusing a temporary injunction. *Goss* v. *Brannon,* supra. But in the present case the most that the plaintiff in error can contend is that the order vacating and dissolving the former temporary restraining order is by inference or implication a judgment refusing an interlocutory injunction. In *Putnam Mills &c. Co.* v. *Stonecypher,* 151 *Ga.* 14 (106 S. E. 87), this court held: "There can be no order or judgment by inference or implication that can be the subject of review by an appellate court."

Since this court is manifestly without jurisdiction to review the judgment excepted to, the writ of error must be, and is, dismissed.

*Writ of error dismissed. Jenkins, Chief Justice, Duckworth, Presiding Justice, Atkinson, Wyatt, and Head, Justices, and Judge Lilly concur.*