FITZPATRICK *et al. v.* BLOODWORTH *et al.*

No. 16676. JUNE 13, 1949.

*Nelson & Nelson,* for plaintiffs in error.

*Miller, Miller & Miller, Jones, Jones & Sparks, Harris, Harris, Russell & Weaver, R. A. Harrison, John B. Miller,* and *Alex A. Boone Jr.,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The order to which exceptions are taken made no provision for a rule nisi to parties sought to be made defendants, as required by Code § 3-404, but made them parties defendant instanter. After so doing, and without any notice to the defendants as required by Code § 55-201, the order further stated: "That pending the final judgment of the court in this action the defendants . . are hereby temporarily restrained from prosecuting their suit . . [in Twiggs County] until further order of this court." Notwithstanding the expression, "temporarily restrained," is used, yet by the terms of this order it is in fact an interlocutory injunction "pending the final judgment of the court." See *Grizzel* v. *Grizzel,* 188 *Ga.* 418 (1) (3 S. E. 2d, 649).

This case is controlled by the rulings in *Shaw* v. *Goodman,* 135 *Ga.* 230 (69 S. E. 173), where parties defendant were made in-

stanter and enjoined without a hearing, which was held to be erroneous, and that a motion to dismiss a writ of error excepting thereto was without merit. Accordingly, the order excepted to in the instant case was erroneous. The motion to dismiss the writ of error is denied.

*Judgment reversed. All the Justices concur.*