# RICHLAND BOX COMPANY *v.* HARBUCK.

No. 16964.  FEBRUARY 16, 1950.

556

*Dykes & Dykes* and *T. T. Molnar*, for plaintiff in error.

*G. Y. Harrell* and *R. S. Wimberly*, contra.

HEAD, Justice. The judgment of the court on August 16, 1949, granting an interlocutory injunction, was suspended by the order of the court requiring the plaintiff to show cause, on October 27, 1949, why the motion of the defendant to vacate, modify or construe should not be granted. It was ordered that, "until that date *and until the further order of this court*, the provisions of the temporary injunction, dated August 16, 1949, are suspended." (Italics ours.) In the order of November 2,

1949, sustaining the plaintiff's general demurrers to the defendant's motion to vacate, modify, or construe, no reference is made by the trial judge to the previous temporary injunction granted on August 16, 1949, and suspended on October 21, 1949. The most that can be contended by either the plaintiff or the defendant would be that by inference or implication the order sustaining the plaintiff's general demurrers to the defendant's motion to modify or construe had the effect of reinstating the previous temporary injunction, which had been suspended "until the further order of the court."

"There can be no order or judgment by inference or implication that can be the subject of review by an appellate court." *Putnam Mills & Power Co.* v. *Stonecypher*, 151 *Ga.* 14 (106 S. E. 87); *Bradfield* v. *Abercrombie*, 151 *Ga.* 401 (107 S. E. 45); *Touchton* v. *Henderson*, 158 *Ga.* 819 (124 S. E. 529); *James* v. *Wilkerson*, 164 *Ga.* 149, 150 (138 S. E. 71); *Williams* v. *Roberts*, 169 *Ga.* 226 (150 S. E. 85); *Wofford Oil Co.* v. *Nashville*, 177 *Ga.* 461 (170 S. E. 369); *Druggists Co-Op. Ice Cream Inc.* v. *Cravey*, 183 *Ga.* 373, 375 (188 S. E. 541); *Jones* v. *Graham*, 187 *Ga.* 622 (1 S. E. 2d, 635); *Adams* v. *Macon*, 204 *Ga.* 1, 3 (48 S. E. 2d, 829).

The order passed by the trial judge on the demurrers of the plaintiff did not by express terms reinstate the temporary restraining order previously granted, and the record contains no separate or additional order reinstating the previous restraining order. Without a judgment by the court expressly reinstating the previous restraining order, the petition was left pending with no restraining order or injunction. This court will not review an application to modify or construe an injunction which can have an existence only by inference or implication. It follows that the writ of error must be dismissed.

Counsel for the plaintiff (defendant in error in this court) insist in their brief that an order by the trial court sustaining a demurrer to a motion to vacate or modify a previous restraining order is not such a final judgment as may be reviewed by this court. A ruling on this contention is not required, but, in this connection, see *Smith* v. *Willis*, 107 *Ga.* 792 (33 S. E. 667); *Ware* v. *Bank of Powder Springs*, 154 *Ga.* 182 (113 S. E. 696); *Pennington* v. *Macon County Bank*, 156 *Ga.* 767 (120 S. E.

107); *Taylor* v. *Cleghorn Brothers*, 178 *Ga.* 765 (174 S. E. 239); *Hitchcock* v. *Hamilton*, 184 *Ga.* 700 (192 S. E. 726); *Jones* v. *Graham*, supra; *Adams* v. *Macon*, supra.

> *Writ of error dismissed. All the Justices concur.*