18672. AKERS MOTOR LINES, INC., et al. v. COOK et al.

MOBLEY, Justice. Following the decision of this court in *Beck & Gregg Hardware Co.* v. *Cook,* 210 *Ga.* 608 (82 S. E. 2d 4), the trial court entered an order providing as follows: "It is therefore ordered that prayers numbers 5, 6, and 7, of the petitioner to the extent of interlocutory relief, are hereby granted, and it is hereby ordered: (1) That each of the named corporate defendants be and they are hereby enjoined and restrained from refusing to furnish to the petitioner services required by law of a common carrier, namely, the receipt for transmission of outgoing freight and the delivery to petitioner of freight consigned to it and in the custody of the corporate defendants. (2) That each of the corporate defendants is enjoined from operating any of their equipment on any of the public streets, roads or highways in the State of Georgia so long as they fail or refuse to petitioner any services which are normally and customarily furnished by such common carriers operating in

the State of Georgia. (3) That each of the corporate defendants is enjoined and restrained from in any manner discriminating against petitioner in furnishing to it usual, normal and customary services required of a motor common carrier."

There was no exception to this order, but thereafter the plaintiffs in error, the motor carriers referred to in the court's order as corporate defendants, filed with the trial court a "motion to clarify," which alleged substantially as follows: That the vast majority of the truck drivers of the motor carriers have either refused to cross the picket line or to commit themselves, and that they are unable to render services to Beck & Gregg Hardware Company which are normally and customarily furnished, if their drivers refuse to cross the picket line, and that they believe the order relates to all agents, servants, and employees of the motor carriers so long as they remain in their employ. The prayers of the motion are that the order be modified so that the temporary injunction clearly covers all agents, servants, and employees of the defendant motor carriers so long as they remain in their employ.

The trial court denied the motion to clarify, to which order exception was taken in a direct bill of exceptions bringing the case to this court.

Two of the defendants in error, R. C. Cook and M. E. Volrath, filed a motion in the Supreme Court to dismiss the writ of error on the ground that the order sought to be reviewed is an order refusing to modify an interlocutory injunction and is neither a final order within the meaning of Code § 6-701, nor a final order within the meaning of Code § 6-903. *Held:*

1. The effect of the "motion to clarify" the judgment of the court granting an interlocutory injunction against the plaintiffs in error, motor carriers, was to ask the court to modify said interlocutory injunction theretofore granted, which the trial court denied. "While a fast bill of exceptions will lie, under the Code, § 6-903, 'in all cases granting or refusing applications for injunction,' an order dissolving, vacating, or modifying a temporary restraining order 'is not reviewable by a "fast" writ of error. . . As such an order is not a final adjudication of the case, a writ of error sued out to review the same is premature and must be dismissed.'" *Johnson* v. *Troup County Rural Electrification Corp.*, 184 *Ga.* 527 (192 S. E. 15), and cases cited. Likewise, where, as here, a refusal of the trial judge to modify an interlocutory injunction is not a final adjudication, a writ of error therefor to this court is premature and will not lie.

2. The plaintiffs in error contended that the effect of the court's refusal to clarify its judgment was to deny an interlocutory injunction. Of course, if that were true, a writ of error would lie. However, the most the plaintiffs in error here can contend is that the refusal of the court to "clarify" or "modify" the injunction is by inference or implication a judgment refusing an interlocutory injunction against the agents and employees of the motor carriers. "There can be no order or judgment by inference or implication that can be the subject of review by an appellate court." *Putnam Mills & Power Co.* v. *Stonecypher*, 151 *Ga.* 14, 15 (106 S. E. 87); *Touchton* v. *Henderson*, 158 *Ga.* 819 (124 S. E. 529); *College Park Cemetery Properties* v. *Cottongim*, 185 *Ga.* 741 (196 S. E. 409); *Richland Box Co.* v. *Harbuck*, 206 *Ga.* 555 (57 S. E. 2d 666).

3. If, as contended by the plaintiffs in error, the motion was not to modify

but was merely to clarify or reword the order and not to change it in substance, the court's refusal would clearly not be a denial of an interlocutory injunction such as would entitle them to except directly to this court.

*Writ of error dismissed. All the Justices concur.*

SUBMITTED JULY 14, 1954—DECIDED SEPTEMBER 13, 1954.

*Haas, Holland & Blackshear, Paul Daniel, R. J. Reynolds, Jr., T. Charles Allen, Robert T. Thompson,* for plaintiffs in error.

*Poole, Pearce & Hall, Smith, Kilpatrick, Cody, Rogers & McClatchey, Fred W. Elarbee, Jr.,* contra.