### 19516. Amos *v.* Amos.

Candler, Justice. On April 18, 1956, Charles D. Amos filed a proceeding against Hughleen Beason Amos, his former wife, to modify or revise a custody judgment rendered on July 12, 1950, in a divorce case between them, which awarded exclusive custody of their minor child to the mother. On July 24, 1956, the court overruled a general demurrer to the plaintiff's amended petition, and the defendant sued out a writ of error to this court, in which she assigns error on that judgment. By her answer Mrs. Amos denied the substantial allegations of the amended petition, and by cross-action alleged that it had been necessary for her to file several contempt proceedings against the plaintiff to enforce the award made in the divorce decree for the support of her child, and that she had, since the divorce decree was rendered, brought an action for and obtained an injunction against the plaintiff which enjoined him from molesting her. She also alleged that $1,500 would be a fair and reasonable amount for the services her attorneys had rendered her in

those proceedings and in the present one. She prayed that an award for attorneys' fees be made under the provisions of Code (Ann.) § 30-219. On July 25, 1956, the judge modified or revised the decree of July 12, 1950, and gave the plaintiff certain visitation rights, but the judgment so rendered is completely silent concerning the defendant's demand for attorneys' fees.· The defendant sued out another writ of error to this court, in which she assigns error on that judgment. *Held:*

1. In *Amos* v. *Amos,* 212 *Ga.* 670 (95 S. E. 2d 5), this court held that the trial judge erred in overruling a general demurrer to the plaintiff's amended petition, since the court was without power to modify or revise the judgment of July 12, 1950, in any matter of substance at a term subsequent to the one during which it was rendered. Hence, that portion of the judgment now complained of which gave the plaintiff certain visitation rights is nugatory.

2. As shown by our statement of the facts, the judgment excepted to makes no mention of the defendant's demand for an award of attorneys' fees under the provisions of Code (Ann.) § 30-219. Hence, it neither awards nor refuses to award any amount for attorneys' fees. At most the plaintiff in error can only contend that it is by inference or implication a refusal to award the attorneys' fees sought by her cross-action. It is well settled in this State that there can be no order or judgment by inference or implication which can be the subject of review by an appellate court. See *Putnam Mills &c. Co.* v. *Stonecypher,* 151 *Ga.* 14 (106 S. E. 87), and *Adams* v. *City of Macon,* 204 *Ga.* 1, 3 (48 S. E. 2d 829).

3. Under the ruling made in division 1, the judgment complained of is erroneous.

*Judgment reversed. All the Justices concur.*

Submitted November 13, 1956—Decided December 5, 1956.

*Jack Rogers, Clinton J. Morgan,* for plaintiff in error.
*Scoggin & Martin,* contra.

