### 38421.  CHASTAIN *et al.* v. PUBLIC FINANCE CORPORATION.

TOWNSEND, Judge.  1.  In an action to recover the amount due on a promissory note naming the payee as Public Finance Corporation of Atlanta, No. 1, the plaintiff in the action being Public Finance Corporation of Atlanta, No. 3, an allegation "that on or about October 1, 1958, the said Public Finance Corporation of Atlanta, No. 1, for valuable consideration, sold, transferred, assigned and set over said promissory note to your petitioner" is, as against a general demurrer on the ground that the petition states no cause of action, a sufficient averment that the plaintiff owns legal title to the instrument so that it may sue on the same in its own name.

2. Even where a written instrument (including an assignment of a negotiable instrument) constitutes the foundation of the cause of action under *Code* § 81-105 so that it is necessary to attach a copy thereof to the petition, the omission is not reached by general demurrer, but must be taken advantage of by special demurrer pointing out the defect with particularity.  *Hill v. Harris,* 11 Ga. App. 358 (1) (75 S. E. 518) ; *Babb v. McKinnon,* 185 Ga. 663 (1d) (196 S. E. 488).

The contention that the plaintiff's petition, an action on a promissory note which was itself attached to the petition as an exhibit, was subject to general demurrer merely because the petition fails either to attach a copy of the assignment or to allege that the assignment was in writing, is without merit, as the question may only be reached by special demurrer.

Accordingly, the trial court did not err in overruling the demurrer which alleged merely that no cause of action was set out.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED JULY 15, 1960—REHEARING DENIED JULY 28, 1960.

*Lanier Randall*, for plaintiffs in error.

*M. K. Pentecost, Jr., Zack Cravey, Jr.*, contra.