SOSEBEE *v.* CITY OF DEMOREST *et al.*

No. 10965. APRIL 16, 1936.

340

*Bynum & Frankum,* for plaintiff.

*Sam Kimzey* and *Herbert Griggs,* for defendant.

PER CURIAM. 1. "The general rule is that a court of equity has no jurisdiction to enjoin the institution of prosecutions for criminal offenses; and this rule is applicable to prosecutions for violations of municipal ordinances, which are quasi-criminal proceedings. Nor will a court of equity, upon a petition for injunction of such a nature, inquire into the validity or reasonableness of an ordinance making penal an act for the doing of which prosecutions are threatened." *White* v. *Tifton,* 128 *Ga.* 582 (59 S. E. 299). "In some cases, involving special facts, injunctions may be granted against the unlawful enforcement of municipal ordinances, although they are penal in character, for the protection of property or property rights or franchises against irreparable injury; as, for instance, where, under the guise of enforcing a penal ordinance, it is manifest that prosecutions and arrests are threatened for the sole purpose of unlawfully taking or destroying property, or preventing the exercise of a franchise granted by the State." *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (2) (67 S. E. 438, 27 L. R. A. (N. S.) 452).

2. The case sub judice falls within the general rule, and the trial court did not err in refusing an interlocutory injunction restraining enforcement of the ordinance involved.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents from the ruling in paragraph 2, and from the judgment.*