HARDY *et al. v.* PRATHER *et al.*, Commissioners etc.

ALMAND, Justice. This case is here on a writ of error complaining of the trial court's refusal to grant an interlocutory injunction. The record shows that the plaintiffs filed two separate petitions to enjoin the defendants from removing certain obstructions from a farm road trav-

ersing the plaintiffs' property. On the first petition, filed on September 25, 1951, the court, on September 28, passed an order denying injunctive relief. On October 1, the plaintiffs filed a second petition seeking the same relief, and on October 18, the court passed the following order: "After hearing evidence, the defendants having made a motion that the plaintiffs' prayer for injunctive relief be denied. After hearing the evidence, the court finds that the road in question is a public road and that the plaintiffs are not entitled to injunctive relief and the temporary restraining order heretofore passed is hereby dissolved and the plaintiffs' prayer for injunctive relief is hereby denied and the defendants' motion to dissolve the restraining order is hereby granted." It appears from this order that the court heard this case upon the plaintiffs' petition, and that evidence was introduced on the hearing.

The case as presented by the second petition against Columbia County and the Board of Commissioners of Roads and Revenues was substantially as follows: that the defendant commissioners had caused a notice to issue directed to a named overseer of county roads, to remove obstructions which consisted of two fences erected by the plaintiffs on a farm road which ran through their farm lands; that the notice has no legal effect and, if the defendants and their agents are allowed to proceed to demolish the plaintiffs' property, it will cause the plaintiffs irreparable damage and deprive them of their property, in violation of the due-process clauses of the State and Federal Constitutions; and that they were without a complete and adequate remedy at law. The prayers were that the defendants be restrained from proceeding with their efforts to remove the obstructions in the farm road. *Held*:

1. The writ of injunction does not lie against public officers when the grant of the same would, either directly or indirectly, interfere with their performance of duties imposed upon them by law. *Southern Mining Co.* v. *Lowe*, 105 *Ga.* 352 (31 S. E. 191).

2. Under the act of 1927 (Ga. L. 1927, p. 549), creating the Board of Commissioners of Roads and Revenues of Columbia County, exclusive and original jurisdiction is vested in them "in constructing, building, and maintaining and working all the public roads and highways of the county." To "maintain" means to continue in existence; to preserve; not to suffer to cease or fail; to keep in a particular state or condition; to supply what is needed. Webster's New International Dictionary; 26 Words & Phrases (Perm. ed.) 57. The maintenance of highways has been held to mean not only keeping in repair, but also the continuing existence of highways as a system for public use. State ex rel. Morford *v.* Emerson (Del.) 10 Atl. 2d, 515. The defendants, being under the express duty to maintain the public roads of the county for the public, are not only under a duty to keep the roads in repair, so as to make traveling safe, but they have the power to remove any physical object or matter that either prevents free travel or makes travel unsafe. The trial court having found that the road in question was a public road, and the legal duty of maintaining the road as a public thoroughfare resting exclusively upon the defendants, their act in directing one of their agents to remove the fences placed in the public road by the defendants cannot be said to violate any property rights of the plaintiffs. If the plaintiffs want the road through their property dis-

continued as a public road, the law provides a remedy for them. Code, § 95-207. Under the finding of the court, the plaintiffs, in the maintenance of the obstructions on the public road in question, occupied the status of trespassers.

3. The evidence upon which injunctive relief was denied not being before us, we cannot say that the court abused its discretion in denying the plaintiffs' prayer for injunctive relief.

*Judgment affirmed. All the Justices concur.*

No. 17710. ARGUED JANUARY 15, 1952—DECIDED FEBRUARY 12, 1952— REHEARING DENIED MARCH 13, 1952.

*Pierce Bros.*, for plaintiffs.
*John F. Hardin* and *Henry G. Howard*, for defendants.