20260. STARK, Judge, *et al. v.* WATERS.
20262. STARK, Judge, *et al. v.* WOMACK *et al.*

ARGUED NOVEMBER 10, 1958—DECIDED NOVEMBER 19, 1958.

*Hope D. Stark, Edwin Fortson, J. N. Rainey, Davis & Davidson, Emory F. Robinson, Wheeler, Robinson & Thurmond, Floyd G. Hoard,* for plaintiffs in error.

*Frank Grizzard, Frank Bowers, Marvin D. Pierce, Jr.,* contra.

DUCKWORTH, Chief Justice. ■ We are fully acquainted with the consistent rulings of this court that neither a temporary restraining order nor a continuance which is temporary of such order is reviewable. We recognize and give full effect to Code (Ann.) § 6-701 (Ga. L. 1957, pp. 224, 230), *Wofford Oil Co.* v. *City of Nashville,* 177 *Ga.* 460 (170 S. E. 369), *Hall* v. *Hall,* 185 *Ga.* 502 (195 S. E. 731), and *Grizzel* v. *Grizzel,* 188 *Ga.* 418 (3 S. E. 2d 649), cited by defendants in error in support of this motion to dismiss. But such ex parte orders are not intended to serve the function of a permanent injunction. Indeed to indefinitely deprive one of freedom of action without notice and an opportunity to be heard would be the rankest sort of denial of due process as is guaranteed by both the State and Federal Constitutions (Code §§ 1-805, 1-815; Code, Ann., § 2-103). We are not concerned with title or name the judge attaches to his judgment, as its provisions determine what its name should be. The true function of an ex parte restraining order is to prevent serious harm until a prompt hearing of the evidence can be had; and based upon that evidence alone, an interlocutory injunction, if authorized, may issue effective until the trial.

There are a number of circumstances in this record that aid

in classifying the order of September 2, 1958. First, it is left open to speculation why the judge, in the absence of the parties, entered it? Second, how the judge acquired knowledge of the illness of one plaintiff and acted thereon without giving the defendants a chance to controvert such evidence at a hearing set just three days thereafter? Third, why both cases and the injunction should be continued because of the illness of the plaintiff in only one case? Fourth, could there be a reasonable and just reason for the judge to object to gaining information upon the hearing of the other case which might show that, as a matter of fact and of law, neither of the defendants should be shackled by an ex parte restraining order? Fifth, the best way possible to determine if any legal case whatsoever existed was a consideration of the demurrers to the petitions, and the briefs here show that he not only has not ruled upon them but has signed an order to hear them in 1959. The foregoing as well as other relevant circumstances show that the order of September 2, 1958, not only in fact indefinitely enjoins all the defendants but was intended by the judge to have that precise effect. Being such an order and being a clear taking of liberty without due process, it is reviewable by this bill of exceptions and the motion to dismiss is denied. We also point out that Code § 6-901 as amended in 1957 (Ga. L. 1957, pp. 224, 232) provides that "Either party in any civil cause, and the defendant in any criminal proceeding in the superior or city courts may except to any sentence, judgment, or decision, or decree of such court, or of the judge thereof in any matter heard at chambers." Even moreso is this true when done at chambers without a hearing. See *Shaw* v. *Goodman*, 135 *Ga.* 230 (69 S. E. 173).

■ Since the only possible basis for the ex parte restraining orders excepted to is such as is alleged in the petitions, despite the absence of a ruling upon the demurrers to said petitions, which is the method for determining the sufficiency of petitions, we nevertheless can and do consider alleged facts to determine if there existed any such factual justification for the equitable judgments, based solely thereon, which we are called upon to review. That all allegations of unconstitutionality of the entire act creating the City Court of Jefferson (Ga. L. 1903, p. 138)—

which are confined entirely to alleged invalidity of sections 31 and 32 of the act, which deal with matters not elsewhere mentioned—utterly fail to allege any reason whatever for declaring the whole act unconstitutional, is settled law and can not be seriously questioned. *Stegall* v. *Southwest Ga. Regional Housing Authority*, 197 *Ga.* 571 (30 S. E. 2d 196); *Krasner* v. *Rutledge*, 204 *Ga.* 380 (49 S. E. 2d 864); *Williams* v. *Ragsdale*, 205 *Ga.* 274 (53 S. E. 2d 339); *Franklin* v. *Harper*, 205 *Ga.* 779 (55 S. E. 2d 221). But even were the constitutional attacks meritorious, another and legally insuperable barrier to equitable relief against the criminal prosecutions of each of the petitioners is encountered in the provisions of Code § 55-102. There it is provided: "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Violation of the plain provisions of this law can not be justified upon allegations that the 1903 act creating the criminal court is unconstitutional because of the provisions of sections 31 and 32 thereof. *White* v. *City of Tifton*, 129 *Ga.* 582 (59 S. E. 299); *Snow's Laundry* v. *City of Dublin*, 182 *Ga.* 316 (185 S. E. 343); *Sosebee* v. *City of Demorest*, 182 *Ga.* 338 (185 S. E. 330). Since, as ruled above, no allegations show invalidity of the act creating the City Court of Jefferson, which imposes upon all the defendant officers public duties, equity can not by injunction prevent the performance by these officers of any duties imposed upon them by that act. *Breeden* v. *Breeden*, 202 *Ga.* 740 (44 S. E. 2d 667); *Hardy* v. *Prather*, 208 *Ga.* 764 (69 S. E. 2d 269).

For all the foregoing reasons, plus the fact that the judge can not grant a permanent injunction without a jury, the trial judge had before him nothing to authorize the issuance of the equitable orders of restraint and injunction. Such orders are erroneous, constitute gross abuse of discretion, and are

*Reversed. All the Justices concur.*