22240. CITY OF ATLANTA v. GEORGIA SOCIETY
OF PROFESSIONAL ENGINEERS et al.

ARGUED NOVEMBER 13, 1963—DECIDED MAY 19, 1964.

*J. C. Savage, Edwin L. Sterne, Robert F. Lyle,* for plaintiff in error.

*Arnall, Golden & Gregory,* contra.

ALMAND, Justice. The Georgia Society of Professional Engineers, The Georgia Chapter of the American Institute of Architects, Inc., The Consulting Engineers Association of Georgia and three individuals brought their petition against the City of Altanta seeking a declaratory judgment as to the construction of an ordinance of the city levying an occupation tax against persons engaged in the practice of the professions of engineering and architecture and, pending the adjudication of the question as to the right of the city to impose such tax, they prayed that it be enjoined from enforcing such ordinance.

The defendant filed its demurrers and answer. On a hearing of the demurrers and the prayer for injunction a stipulation of facts was entered into. The court overruled the general demurrers and certain special demurrers and granted an interlocutory injunction. The city assigns error in its bill of exceptions on the overruling of the general demurrers and the grant of the interlocutory injunction.

This case is in this court for review because the petitioners seek relief for themselves and the members of the class they represent and is therefore a suit in equity.

The petition alleged that: the members of the Engineering Society and associates are licensed to practice professional engineering in Georgia under the provisions of Ga. L. 1945, pp. 294-311, as amended *(Code Ann. Ch.* 84-21); The Georgia Chapter of Architects has members who are licensed to practice architecture under the provisions of *Code Ann. Ch.* 84-3; petitioners Meier and Weeks are licensed to practice engineering and are

employed in the City of Atlanta "as a subordinate of a person holding a certificate of registration under said Act, but petitioner's work does not include final design decisions and is done under the responsibility of a person holding a certificate of registration under said Act"; petitioner Parks is licensed to practice architecture and is employed in the City of Atlanta "as a draftsman under the instructions and supervision of a person who is practicing as an architect under the provisions of said Act"; in 1962 the city adopted an ordinance which levied an occupation or license tax of $15 for the year 1963 against all persons practicing certain professions, which included architects and engineers, in the City of Atlanta; the right to impose said license tax is defined and limited by the Act of 1953 (Ga. L. 1953, Jan. Sess., p. 207; *Code Ann.* § 92-307) which provides: "From and after the passage of this Act no municipal corporation or county authority of this State, notwithstanding any provision in its charter to the contrary, shall levy or collect any license, occupation or professional tax upon practitioners of . . . civil, mechanical, hydraulic, or electrical engineering or architecture except at the place where any such practitioner shall maintain his principal office. Provided, such levy shall not exceed the levy imposed under the laws of the State of Georgia as the same existed in 1950."

The petitioners contended that under the general laws licensing and regulating the professions of engineering and architecture and exceptions provided therein they were not subject to the occupation tax sought to be levied against them.

The trial court found that the Act of 1953 (*Code Ann.* § 92-307) which permits a municipality to tax these professions contained two conditions: (1) The person taxed must be a practitioner of the profession taxed, and (2) such person must maintain an office for the practice of his profession and his principal office must lie within the municipality levying the tax. In its order the court said: "The ordinance of the City of Atlanta here involved levies a tax upon all persons *practicing* the professions listed in the ordinance. It ignores the provisions of the State law which permits it to tax the professions listed *only* if the practitioner *maintains* his *principal office* within the City of

Atlanta. In order to determine if one is practicing either of the professions involved here resort must be had to the State law defining the practice of such professions. Applying the facts set out in the stipulation of facts to the State law [the Code sections set out above] the individual petitioners and the class represented by them are not *practicing* the profession taxed and it does not appear that they are maintaining an office or a principal office for the practice of the professions taxed by the City of Atlanta."

We are of the opinion that the court correctly drew its conclusions from the pertinent statutes and agreed facts. The Act of 1945, as amended, (*Code Ann.* § 84-2103), relating to the professions, defines the term of professional engineer as: "a person who is qualified by reason of his knowledge of mathematics, the physical sciences, and the principles by which mechanical properties of matter are made useful to man in structures and machines, acquired by professional education and practical experience, to engage in the practice of engineering." The same Act (*Code Ann.* § 84-2138) provides: "The following persons shall be exempt from the provisions of this Chapter, to wit: . . . (c) A person working as an employee or a subordinate of a person holding a certificate of registration under this Chapter or an employee of a person practicing lawfully under paragraphs (a) and (b) of this section: provided such work does not include final design decisions and is done under the responsibility of a person holding a certificate of registration under this Chapter or a person practicing lawfully under paragraphs (a) and (b) of this section."

The statute relating to the profession of architecture (*Code Ann.* § 84-301) provides: "The practice of architecture within the meaning and intent of this Chapter consists of rendering and offering to render service by consultation, preliminary studies, drawings, specifications, supervision, or any other service in connection with the design of any building or addition or structural alteration thereto, whether one or all of these services are performed either in person or as the direction head of an organization." *Code Ann.* § 84-302 provides: "Firms, companies, partnerships, associations and corporations may prepare plans,

drawings, and specifications for buildings and structures as defined by this Chapter and perform the services heretofore enumerated common to the practice of architecture, provided that at least one of the chief executive officers of such firms, companies, partnerships, associations, corporations, or similar companies, are registered architects in the State of Georgia under this Chapter and provided further that the supervision of such buildings and structures shall be under the personal supervision of said registered architects and that such plans, drawings and specifications shall be prepared under the personal direction and supervision of such registered architects and bear their individual signatures and seals."

The agreed facts bring the individual plaintiffs within the exemptions quoted above. Though holding certificates as engineers and architects they work as employees in the firm in which the principals who are responsible for the final design decisions hold certificates. The defendant, under the permissive tax Act of 1953, can tax an engineer or architect only at the place where the practitioner maintains his principal office. The individual plaintiffs, under the facts of this case, do not maintain offices in the City of Atlanta.

The order overruling the general demurrers and granting the interlocutory injunction was not erroneous.

*Judgment affirmed. All the Justices concur.*