47183. HOLDEN v. BARTLETT.

BELL, Chief Judge. The appellant in this case was convicted in the recorder's court of a failure to pay a license tax levied by an ordinance of the City of Albany. On certiorari to the superior court the case was heard on a stipulation of facts. The substance of the stipulation is that the appellant is a practicing attorney in Albany and is engaged in the practice of law as a salaried employee of another attorney, C. B. King, who maintains a principal office for the practice of law in that city. King furnishes the appellant with an office out of which the latter practices law. Certiorari was denied by the superior court and the judgment of the recorder's court of the City of Albany was affirmed. *Held:*

1. There is no merit in the contention that the ordinance in issue was intended not to include salaried employees. The ordinance reads in part that the tax was levied and assessed on certain enumerated occupations, businesses, trades, professions and callings and includes a "practitioner of law." A reading of the ordinance makes it clear that it was intended to apply to the appellant, as well as many other practitioners of professions, and the mere fact that his remunerative arrangement with C. B. King is on a salary rather than on a partnership or some other basis is of no consequence under the terms of this ordinance.

2. Appellant contends also that the provisions of *Code Ann.* § 92-307 preclude the levy of this tax upon him as he does not maintain his "own business office." The statute provides that no license or occupation or professional tax upon certain professional occupations to include lawyers may be taxed by any municipal corporation or county except where the practitioner shall maintain his "principal office." Appellant argues that under the stipulated facts he does not maintain an office at all, for the office where he is engaged in the practice of law is not his office but that of C. B. King. This argument has no sub-

stance, for although his employer under the stipulated facts furnishes him with an office as part of his compensation, it is nonetheless a principal office as to the appellant for it is within this office that he clearly under the stipulated facts practices law. Since the appellant conducts the practice of law from this office located in Albany it is his principal office and it meets the requirements of the statute.

3. All other arguments and contentions made on appeal are without merit.

*Judgment affirmed. Evans and Stolz, JJ., concur.*
SUBMITTED MAY 2, 1972—DECIDED SEPTEMBER 5, 1972.

*King & Phipps, C. B. King, Herbert E. Phipps,* for appellant.

*Landau, Davis & Farkas, James V. Davis,* for appellee.