## 61696. CITY OF ATLANTA v. DAY et al.

POPE, Judge.
The sole issue in this case is whether the appellees are engaged in the practice of public accounting within the meaning of Georgia law regulating the practice of that profession. The facts are undisputed. The appellees are employees of Price Waterhouse and Company, a public accounting firm maintaining an office in the City of Atlanta, and are employed as accountants on the firm's audit staff. The appellees brought this action in response to service upon them by an agent of the City imposing a professional occupation license tax pursuant to specified city ordinances, claiming that they were not required to pay and seeking declaratory and injunctive relief. The trial court found that the appellees are not "practitioners" of public

accounting so as to be subject to the licensing tax statutes but merely employees of a public accounting firm. The City appeals and we affirm.

Code Ann. § 91A-6004 allows a municipality to collect a license, occupational or professional tax upon "practitioners" of law, medicine, dentistry, architecture and upon public accountants, funeral directors and others "whose office is maintained by and who is employed in practice" therein. The City of Atlanta enacted an ordinance pursuant to Code Ann. § 91A-6004 providing that such an occupation tax be levied upon persons practicing the profession of public accounting "as defined by the laws of the State of Georgia." The practice of public accounting is regulated by the Public Accountancy Act of 1977 (Ga. L. 1977, pp. 1063, 1064 (Code Ann. § 84-201 et seq.)) While "public accountant" is not expressly defined by the statute, Code Ann. § 84-215 sets forth certain functions which may only be performed by a certified public accountant who has registered as required under § 84-204 and holds a valid permit to use the title. Such permits are issued to persons who have met the educational requirements of Code Ann. § 84-210. No person who does not hold such a permit "shall sign or affix, or cause to be signed or affixed, a partnership, association or corporate name to any opinion or certificate attesting in any way to the reliability of any representation or estimate in regard to any person or organization embracing (1) financial information, or (2) facts respecting compliance with conditions established by law or contract . . ." Code Ann. § 84-215 (g). Code Ann. § 84-216 (a) provides in pertinent part: "Nothing contained in this Chapter shall prohibit any person not a certified public accountant or a public accountant from serving as an employee of, or an assistant to, a certified public accountant . . . registered under section 84-206 of this Chapter and holding a live permit: Provided, however, that such employee or assistant shall not issue, or attest to, any accounting or financial statement over his name."

We conclude that under the facts shown by the record the appellees are not engaged in the practice of public accounting as contemplated by the law of this state. The appellees, although they hold valid permits as certified public accountants, are employed on the audit staff of Price Waterhouse. However, they are not required to be certified as a condition of their employment and other individuals who are not certified have been and are employed in the same job classification. Appellees are employed to work on various audit "engagements" being conducted by the firm. At least one partner of the firm is assigned the responsibility for planning and satisfactorily completing each such engagement. Prior to each

engagement an "Audit Planning Memorandum" , or "Scope Memorandum" is prepared setting forth in detail each step of the engagement and the manner in which it is to be done. These audit plans are reviewed and approved by one or more partners, and appellees are assigned to execute certain steps of the engagement. Appellees do not have the authority to vary the procedures called for by the audit plan or to perform tasks not called for therein without the approval of a partner. Appellees are not authorized to make final decisions concerning accounting policies or any other decisions which would have any material effect on any financial decisions. All of appellees' work is performed under the supervision and direction of more senior accountants and the partners responsible for the engagements to which they are assigned. Appellees are not empowered to sign any communication to clients or other outside parties in which an opinion of the firm is expressed; they have never signed any communication, opinion or certificate attesting in any way to the reliability of any representation or estimate embracing financial information or facts respecting compliance with conditions established by law or by contract; and they have never issued or attested to any accounting or financial statements over their names or that of the firm. Appellees do not own or use any stationery, business cards or similar items which identify them as certified public accountants and do not in any way hold themselves out to the general public as engaged in the practice of public accountancy.

In *City of Atlanta v. Ga. Society of Professional Engineers,* 220 Ga. 62, 65 (137 SE2d 41) (1964), the Supreme Court considered the same issue as it applied to the licensing requirements for engineers and architects under the provisions of Code Ann. Ch. 84-21, and determined that those appellees "[t]hough holding certificates as engineers and architects . . . work as *employees* in the firm in which the principals who are responsible for the final design decisions hold certificates" (emphasis supplied) and were thus not subject to the taxes levied upon them. While the facts of employment there were remarkably similar to those of the present case, Code Ann. § 84-2138 contained a provision expressly exempting persons working as *employees* from the licensing requirements. The City argues that because no such express exemption exists in the Public Accountancy Act, the appellees here are subject to the licensing tax.

On the contrary, we read as collinear the disclaimer in Code Ann. § 84-216 (a) that no uncertified person shall be prohibited under the Act from serving as an *employee* of a certified public accountant provided that "such employee or assistant shall not issue, or attest to, any accounting or financial statement over his name." The Public Accountancy Act thus specifically allows persons who are not

certified public accountants to be employed by or assist licensed or registered CPA's in certain capacities without becoming subject to the occupational tax. The City concedes that if appellees were not certified they would not be subject to the tax because of the limited duties assigned to them. We think the fact that a person who is not functioning as a CPA happens to be a registered CPA is unimportant. It is only logical that *any* person, regardless of overqualification or superior credentials, who is employed by and only assists a registered CPA and *does not perform the prohibited functions* is not a practitioner of the profession as contemplated for purposes of the licensing tax. The applicability of the Act depends not on whether a person is *certified or licensed* to practice a profession, but on whether he or she is *actually practicing* the profession by functioning within the parameters defined in its provisions. Even though the appellees could have lawfully practiced public accounting, they were not doing so and thus were not subject to the tax.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 10, 1981.

*Thomas A. Bowman, Marva Jones Brooks, Nina M. Radakovich* for appellant.
*Ronald L. Reid, John L. Coalson, Jr.,* for appellees.