42445. THE MAYOR & ALDERMEN OF THE CITY OF
SAVANNAH v. CANADY et al.
(334 SE2d 693)

WELTNER, Justice.

In 1984, the City of Savannah imposed a $175 occupational tax on certain professions, including certified public accountants (or CPAs), pursuant to OCGA § 48-13-5. The Savannah Revenue Ordinance applies to persons who "practice" the profession of public accounting.

Canady and others are all CPAs, licensed in Georgia, working for public accounting firms in Savannah, Georgia. Each is listed in the telephone directory yellow pages as a certified public accountant; each uses firm letterhead stationery; and each is authorized to contact directly clients of the firm with respect to work in progress. With the exception of one of them, each uses a business card which identifies the holder as a CPA.

According to the record, none of them is authorized by his employer to make final accounting decisions, or to attest to the reliability of financial statements.

As a result of the city's collection efforts, the accountants filed suit in the Superior Court of Chatham County to enjoin the collection of the tax on the grounds that they were not "practicing" public accounting, as defined by Georgia laws regulating the practice, i.e., OCGA § 43-3-1 et seq. The trial court enjoined the collection, relying on *City of Atlanta v. Day*, 159 Ga. App. 476 (283 SE2d 692) (1981).

The sole issue in this case is whether the CPAs were practicing accounting, and therefore were subject to the professional tax. Neither the revenue ordinance nor the statutes regulating accounting define the practice of accounting.

We hold that when a licensed certified public accountant is employed full-time by a firm of CPAs and lists himself in the telephone directory as a CPA and employs business letterhead or business cards of a firm of certified public accountants — then such a person is practicing public accounting for the purposes of the revenue ordinance. Anything to the contrary in *City of of Atlanta v. Day*, supra, is disapproved.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

SMITH, Justice, dissenting.

I would follow the holding set out in *City of Atlanta v. Day*, 159 Ga. App. 476 (283 SE2d 692) (1981).