44491. CITY OF ATLANTA v. DALEY et al.
(362 SE2d 348)

PER CURIAM.

The City of Atlanta sought to impose an occupational tax on Raymond G. Daley and Matthew A. Kenkel, who are certified public accountants employed on the audit staff of Price Waterhouse & Co. Daley and Kenkel brought an action to enjoin the city from collecting the tax. The trial court granted the injunction and the city appealed.

1. Daley and Kenkel contend that they perform on behalf of their employer tasks that are similar to those performed by others who are not certified public accountants, and at the same pay; that Price Waterhouse & Co. permits audit personnel other than certified public accountants to carry out the same tasks; that the two certified public accountants perform no duties directly with members of the public, nor any that lawfully may be performed *only* by certified public accountants under the provisions of OCGA § 43-3-35 et seq.; that neither they nor Price Waterhouse & Co. hold out to the public that the two are certified, public accountants, or that they are engaged in the practice of public accounting.

---

2. Whether Daley and Kenkel lawfully may be taxed by the city will be governed by the provisions of OCGA § 48-13-5.

(a) Since 1953, state statutes have provided that a municipality may levy a specified sum as a professional occupational tax upon practitioners of certain businesses and professions, including public accounting. OCGA § 48-13-5. Pursuant to this statutory authorization, the city promulgated an ordinance for the levy and assessment of a professional occupation license tax upon practitioners of virtually all of the professions enumerated in the statute, including that of public accounting. Code of Ordinances, §§ 14-5051 and 14-5052 (16).

(b) Because the city ordinance derives from the statute, employing its terms and categories, we ascribe to the ordinance the same interpretation that may be given to the statute.

3. First, we reject the contention of Davis and Kenkel that they are excluded from the tax because they perform no services directly to the public.

(a) OCGA § 48-13-5 employs the term "practitioner" without express definition. As to practitioners of all professions delineated in the statute, OCGA § 48-13-5 exempts only "any practitioner whose office is maintained by and who is employed in practice exclusively by the United States, the state, or a municipality or county of the state."

(b) Had the terms "practitioner," "practice," and "public accounting" as contained in OCGA § 48-13-5 included of necessity the element of direct dealings with a public clientele, there would have been no need for the statutory exemption, for reason that, by definition, exclusively governmental, non-public employment would be *without* the scope of the statutory taxing authorization. "It is not presumed that the legislature intended that any part would be without meaning. [Cits.]" *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975).

(c) We thus determine that the statutory modifier "public" (in "public accounting") refers to the profession itself, and not to the specific duties of a single practitioner — whether those duties are performed on behalf of the public generally, or exclusively for a single employer.

4. The second contention of Davis and Kenkel — that they are not engaged in "public accounting" because that which they do may be done lawfully under OCGA § 43-3-35 by persons who are not certified public accountants — also is rejected.

(a) The fact is that the two are licensed by the state as certified public accountants, and employed by a firm of certified public accountants to perform accounting services on behalf of clients of that firm.

(b) Daley and Kenkel assert that they should not be taxed (just as engineers and architects in a similar position are not taxed) relying

upon *City of Atlanta v. Ga. Society of Professional Engineers*, 220 Ga. 62 (137 SE2d 41) (1964).

The General Assembly has defined the practice of architecture by functions as they are performed by individuals, OCGA § 43-4-1 (c), as well as the practice of professional engineering. OCGA § 43-15-2 (11). There are also exemptions for specified employees within the field of professional engineering. OCGA § 43-15-29 (b) (1). No such limitation, by reason of definition or function, has been provided for the field of public accounting.

(c) Thus the statutory term "public accounting" must be interpreted to encompass the performance of any or all of those activities within the specialized competence of persons who are licensed by the state as certified public accountants. That being the case, the details of the routine duties of each such licensee are immaterial.

(d) Any indication to the contrary contained in *City of Atlanta v. Day*, 159 Ga. App. 476 (283 SE2d 692) (1981), is disapproved.

5. We conclude that Davis and Kenkel are subject to the tax.

*Judgment reversed. Marshall, C. J., Weltner and Hunt, JJ., and Judge Robert B. Struble concur. Smith, Gregory, and Bell, JJ., dissent. Clarke, P. J., not participating.*

SMITH, Justice, dissenting.

I would follow the reasoning set out in *City of Atlanta v. Day*, 159 Ga. App. 476 (283 SE2d 692) (1981), which provides: "The applicability of the Act depends not on whether a person is *certified* or *licensed* to practice a profession, but on whether he or she is *actually practicing* the profession by functioning within the parameters defined in its provisions. Even though the appellees could have lawfully practiced public accounting, they were not doing so and thus were not subject to the tax." (Emphasis in original.) Id. at 479.

The trial court's carefully drawn order made it clear that: (1) The appellees are licensed CPAs who are employed on the audit staff of Price Waterhouse & Co., in Atlanta; (2) They work under the direct supervision of partners in the firm and are *not authorized to sign any communication* to outside parties in which an opinion of the firm is expressed; (3) *Other individuals who are not CPAs perform tasks identical to those performed by the appellees* and neither the policies of the firm nor the state require the appellees to be CPAs in order to perform the tasks; (4) *Neither the appellees nor the firm hold the appellees out to the public as CPAs*, they are not listed on firm letterhead as CPAs, nor are they listed in any telephone or other directories as CPAs and; (5) There is *no evidence of any difference in job responsibilities, salaries, or other fringe benefits* afforded to the appellees as opposed to the non-CPAs who perform like tasks.

As stated by the majority, the statute authorizes the levy and as-

sessment of a "professional occupational license tax" upon "practitioners." A person who is qualified as a CPA because of specialized training and certification, but who does not function or practice as a CPA cannot be considered a practitioner. He or she should also not be required to pay an "occupational license tax," based upon his or her status rather than function.

The tax is levied and assessed upon "each person practicing" public accounting. Atlanta City Code § 14-5051 and 14-5052 (16). The majority's holding makes anyone who satisfies the requirements for certification a "practitioner" and, therefore, liable for the "occupational" tax regardless of what function they are performing and regardless of whether or not they hold themselves out as CPAs.

OCGA § 43-3-35 specifies certain functions which may *only* be performed by CPAs. The trial court's order indicates that the appellees were not performing those functions.

The tax was not designed to tax a person's status or specialized qualifications; it was designed to tax those "practitioners" who perform the specific functions of CPAs and who are occupied as CPAs. Under the majority's holding, attorneys who might also happen to be CPAs can now be taxed as CPAs even if they do not perform the functions of CPAs.

I am authorized to state that Justice Bell joins in this dissent.

DECIDED NOVEMBER 30, 1987 —
RECONSIDERATION DENIED DECEMBER 16, 1987.

*Marva Jones Brooks, David D. Blum, James Brantley,* for appellant.

*Alston & Bird, John L. Coalson, Jr., Earle B. May, Jr., Ronald L. Reid,* for appellees.