75343. CITY OF ATLANTA v. SHRADER.
75344. CITY OF ATLANTA v. SATURDAY.
75345, 75346. CITY OF ATLANTA v. CAMPBELL; and vice versa.
(365 SE2d 449)

BIRDSONG, Chief Judge.

These appeals and cross-appeals arise out of the City of Atlanta's suit for collection of occupational taxes against John Shrader, James Saturday, and Robert C. Campbell for their practice of the professions of embalming and funeral directing from 1979 to 1984. The trial court granted summary judgment against Campbell and Saturday, finding them liable for occupational taxes for their practice of embalming; they appeal this judgment in Case No. 75346. The trial court sua sponte granted summary judgment in favor of all three persons on the occupational tax assessment for practice of the profession of funeral directing; these judgments are appealed by the City in Case Nos. 75343, 75344, and 75345.

Saturday and Campbell are licensed embalmers and funeral directors; Shrader is a licensed funeral director. Evidently judging from the arguments on appeal, the trial court found Campbell and Saturday from 1979 to 1984 "practiced the profession" of embalming and "maintained an office" in Atlanta, so as to render them liable for assessment under OCGA § 48-13-5 (a). But, the trial court apparently found that Campbell, Shrader and Saturday did not practice the profession of funeral directing and/or "maintain an office" for that practice in the city. The details of the work and duties performed by the individuals do not appear to be in dispute; Saturday and Campbell performed embalming tasks and all three directed funerals, in the employ of H. M. Patterson & Son Funeral Home. *Held*:

1. It is unclear how or upon what distinguishing basis the trial court determined Saturday and Campbell practiced the profession of embalming and maintained an office for that practice in Atlanta, yet determined that while Saturday, Campbell and Shrader are licensed funeral directors and performed funeral directing duties, none of them practiced the profession of funeral directing and/or "maintained an office" in Atlanta.

However, as to both professions, the argument is made by the individuals in all four appeals, that they did not maintain an office for embalming and/or funeral directing, as the case may be, because they were only employees of H. M. Patterson & Son Funeral Home and in general did not own or have any interest in the premises of the business; did not have a chair or desk or a telephone, or an office; did not pay any utilities, taxes or insurance premiums in connection with the premises; and did not "bear the expense of, carry on, commence, continue . . . hold or keep in any existing state or condition . . . keep from falling, declining, or ceasing . . . keep in good order, keep in proper condition, keep in repair; keep up; preserve . . . repair; replace; supply with means of support . . . or otherwise maintain the Premises" of H. M. Patterson & Son Funeral Home. See, e.g., as to "maintain," *Hardy v. Prather*, 208 Ga. 764, 765 (69 SE2d 269); *Stanley v. City of Macon*, 95 Ga. App. 108, 111 (97 SE2d 330).

Saturday, Campbell and Shrader contend that the requirement to "maintain an office" must be thus strictly construed in favor of the taxpayer (see *Publix-Lucas Theaters v. City of Brunswick*, 206 Ga. 206, 210 (56 SE2d 254)) to mean the functional or ownership capacities which these individuals describe. Their rationale is that the legislature obviously meant to tax only those who are responsible for the overall business and therefore are in the position of taking the tax into consideration when determining the charges for services.

We find this construction of "maintain an office," in the context of this taxing statute, to be strained and unnatural, and far from "strict." In *Holden v. Bartlett*, 127 Ga. App. 15, 16 (192 SE2d 392), the appellant attorney contended he did not maintain an office at all, for his office was provided him by his employer; we held it was "nonetheless a principal office as to the appellant for it is within this office that he clearly under the stipulated facts practices law." Black's Law Dictionary (4th ed.) defines "office" as "a place for the regular transaction of business." Whether these individuals enjoyed an office with a desk, a chair and a telephone is fairly immaterial to the regular transaction of their precise licensed business, i.e., the embalming of dead bodies and directing funerals. Not to put too fine a point on "maintain," Black's Dictionary says it "signifies literally to hold by the hand," and this state of affairs may have an abstract meaning not limited to physical ownership or repair. According to these practitioners it means to "keep in an existing state or condition"; therefore if these persons "keep" their principal place of conducting their business, i.e., practicing their profession, in a certain place they maintain an office there, never mind who actually owns it or provides it or keeps it in physical efficiency. If they removed to another municipality to ply their trades, it could not be gainsaid that they no longer "keep" their principal place of conducting their business in Atlanta.

In *Hardy v. Prather*, supra, "maintain" is defined as "to continue in existence; to preserve; not to suffer to cease or fail; to keep in a particular state or condition; to supply what is needed." But these descriptions obviously have reference not merely to physical acts but also to the conduct of affairs. We therefore do not find the statutory words "maintain his principal office" to be unclear or, strictly construed, to refer artificially only to physical acts of maintenance or to ownership.

It follows that the statutory language limiting assessment of occupational tax to a person who "maintains his principal office" in the taxing municipality evinces no implied intent to tax only those who are responsible for the overall business and who determine the fee to be charged for the professional service.

2. As to whether any of these individuals is engaged in the "practicing the profession" of embalming or of funeral directing as stipulated by the Atlanta City code, the statutory definitions of "embalming," "funeral directing," and "funeral director" are given at OCGA § 43-18-1 (4), (5) and (6). It would seem that if the individual engages in the acts described in those code sections, as a professional occupation, then he is "practicing the profession" within the statute and the city ordinance.

In *City of Atlanta v. Ga. &c. Engineers*, 220 Ga. 62 (137 SE2d 41), the Supreme Court held that not taxable are employees of engineers and architects who, although they are themselves engineers and architects, do not have final design decision powers. (It was also held they did not "maintain an office.") But this was because the statutory definition of professional engineer excluded persons who were working as subordinates or employees of engineers and did not have final design authority, and those architects similarly could not perform their services except under the personal direction and supervision of a registered architect. We attempted to apply the reasoning in that case to another involving practitioners of public accounting, a profession not defined by statute (*City of Atlanta v. Day*, 159 Ga. App. 476 (283 SE2d 692)); but that decision was disapproved in *Mayor &c. Savannah v. Canady*, 255 Ga. 23, 24 (334 SE2d 693). In that case, in the absence of a statutory definition of "certified public accountant," the court held that "when a licensed certified public accountant is employed full-time by a firm of CPAs and lists himself in the telephone directory as a CPA and employs business letterhead or business cards of a firm of certified public accountants — then such a person is practicing public accounting for the purposes of the revenue ordinance."

The Georgia Code does define "embalming," "funeral directing" and "funeral director," and if a person engages in those practices as a profession, then he cannot help but be "practicing the profession" of embalming and funeral directing, and it is immaterial whether he

does it alone, or in the employ and under the telephone listing, letterhead or business card of another.

The trial court erred in these cases insofar as it based the grant or denial of summary judgment to any of these parties upon an artificial evaluation of the requirement that the municipality might tax only one who practices the profession of embalming or funeral directing and maintains his principal office in the City of Atlanta.

*Judgment in Case No. 75346 affirmed. Judgments in Case Nos. 75343, 75344 and 75345 reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1988 —
REHEARINGS DENIED FEBRUARY 1, 1988 — 

*David E. Spalten, Wilson H. Turner*, for appellant (case nos. 75343, 75344, 75345).

*James G. Edwards II, W. Fred Orr II*, for appellees.

*W. Fred Orr II, James G. Edwards II*, for appellant (case no. 75346).

*David E. Spalten, Wilson H. Turner*, for appellee.